POWERS, Respondent, vs. CHERNEY CONSTRUCTION COMPANY, Appellant.

*November 11, 1936—February 9, 1937.*

587

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *Homer H. Benton.*

For the respondent there was a brief by *Bradford, Bradford & Derber* of Appleton, and oral argument by *Alfred S. Derber.*

The following opinion was filed December 8, 1936:

FAIRCHILD, J. Respondent bases his right to recover for his hurt on the provisions of the safe-place statute. He claims the protection to which a "frequenter" is entitled. Appellant protests that respondent was a trespasser at the time of his injury, and therefore has no cause of action under the safe-place statute.

The obstruction of the walk was legitimate under the circumstances, but this did not take from the public the right to move along the street. The term "frequenter," as used in the safe-place statute, means every person other than an employee who may go in or be in a place of employment under circumstances which require his being classified as other than a trespasser. Sec. 101.01 (5), Stats. *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 261 N. W. 742. The respondent, a member of the public, using the sidewalk on a public street

came to an obstruction; in going around that obstruction he did not use due care, and, while negligently proceeding, was injured by the greater contributing negligence of appellant. One important failure of appellant was pointed out by the learned trial judge when passing upon the motion after verdict. After noting the fact that the road under construction was not closed to traffic and that the obstruction of the walk was to carry on appellant's work, he said:

"However, had there been on the mixer the south guardrail, which rail had been broken off some time before, the accident could not have happened. This guardrail in itself would have prevented plaintiff's getting under the skip."

Appellant had received permission to place the machine partly on the land of the railroad. Respondent was on railroad land when he was hurt. He cannot, however, be considered a trespasser. The license given to the appellant to use the railroad property for the purpose of carrying on the work included the public to the extent of allowing the users of the sidewalk to pass around appellant's machine, considering the fact that the machine was to block the sidewalk as well. Respondent's rights were those of a "frequenter," and the judgment entered below dealing with the questions of fact was a proper one under the evidence. Both respondent and appellant were negligent. Had the guardrail been maintained, the place to which "frequenters" were coming would have more nearly met the requirements of the statute and have prevented the injury. Had respondent given proper weight to evidence of danger about him, he could have escaped. The question of the proportionate negligence was here for the jury. In the light of the evidence, the instruction that the respondent was not a trespasser does not constitute error.

*By the Court.*—Judgment affirmed.

FOWLER, WICKHEM, and NELSON, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on February 9, 1937.