GROSSENBACH, Respondent, vs. DEVONSHIRE REALTY COMPANY, Appellant.

*June 4—June 24, 1935.*

634

For the appellant there were briefs by *Bendinger & Hayes,* attorneys, and *John H. Schlosser* of counsel, all of Milwaukee, and oral argument by *Gerald P. Hayes.*

For the respondent there was a brief by *Donald D. McGarigle* and *Otto C. Kapke,* both of Milwaukee, and oral argument by *Mr. McGarigle.*

FOWLER, J. This case was brought and tried on the theory and claim that the defendant failed so to construct and maintain its building as to render it safe under the provisions of sec. 101.06, Stats., commonly referred to as the safe-place statute. The defendant's building is a public building within the terms of that statute. The statute requires that "every owner of a . . . public building . . . shall so construct, repair or maintain such . . . ‘public building, . . . as to render the same safe." The preceding portion of the section requires that employers "shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof." The section has been construed as imposing upon owners of public buildings the same duty to maintain the building safe for its tenants as it imposes on employers to render the place of employment safe to employees, and to impose the same liability for failure to perform that duty. *Zeininger v. Preble,* 173 Wis. 243, 180 N. W. 844. It imposes the same duty as to frequenters, and the same liability for nonperformance of the duty. *Wilson v. Evangelical Lutheran Church,* 202 Wis. 111, 230 N. W. 708; *Bunce v. Grand & Sixth Building, Inc.,* 206 Wis. 100, 238 N. W. 867; *Washburn v. Skogg,* 204 Wis. 29, 233 N. W. 764, 235 N. W. 437.

A frequenter is defined by sec. 101.01 (5), Stats., as including "every person, other than an employee, who may go in or be in a . . . public building under circumstances . . . other than a trespasser."

Thus the legal propositions involved simmer down to two simple ones: (1) The plaintiff is not entitled to the benefit of the statute if under the conditions present the open door to the room did not render the hall unsafe, and (2) if in going into the boiler room she was a trespasser.

The jury found that the open door under the existing conditions "did not render the building unsafe for frequenters." This finding must be interpreted as rendering the hall of the building safe within the statutory meaning. If the plaintiff's right to go about in the building is limited to going about in the halls, the locker rooms, the meter room, and the laundry, and such other places, if any there were, to which the tenants had access as lessees, she was a trespasser in going into the boiler room, and the findings that the boiler-room platform was unsafe become immaterial.

The trial court ruled as matter of law that in entering the boiler room the plaintiff was not a trespasser, but a frequenter, and held her to be within the protection of the statute.

The court has not heretofore interpreted the term "frequenter" as the term is used in and applied under the safe-place statute, except in the case of invitees injured in a place of employment not rendered safe, as in *Washburn v. Skogg, supra;* invitees in a portion of a public building maintained for the convenience of the public, as in *Bunce v. Grand & Sixth Building, Inc., supra;* and an inspector not in the employment of a contractor who was at work performing his duty in a place of employment, as in *Mullen v. Larson-Morgan Co.* 212 Wis. 52, 249 N. W. 67. One cannot, of course, be a trespasser while he is in a place to which he personally or the public generally is invited, expressly or by implication. But the duty of the owner to maintain in a safe condition a

building that is a public building under the statute extends only to such parts as are used by the public or by tenants in common. *Gobar v. Val. Blatz Brewing Co.* 179 Wis. 256, 191 N. W. 509; *Bewley v. Kipp,* 202 Wis. 411, 233 N. W. 71. The plaintiff while she remained in the hall or in any place in the basement maintained for the use of the tenants was an invitee. But when she went into places not maintained for the use of tenants, and to which tenants were not or she herself was not invited, either expressly or by implication, she became a trespasser. The boiler room was not maintained for the use of the tenants or for use of the public. As far as use is concerned, it was maintained solely for those whose duty it was to maintain the fires or to perform other service for the owner therein. The plaintiff was not in the boiler room as an invitee. Neither by word of anybody or by implication was she invited or permitted to enter the boiler room. She was therefore a trespasser in the common and usual meaning of that word as used in the law of negligence. "A trespasser is one who enters upon . . . land in the possession of another without a privilege to do so created by the possessor's consent." Restatement, Torts, § 329. One "about the premises of another without consent, permission, or license is a trespasser," as is one "on the land of others without their consent and against their will." 4 Words and Phrases (Second Series), 1000, and cases cited. One is a trespasser "who goes upon the premises of another without invitation, express or implied, and does so . . . for his own purposes or convenience, and not in performance of any duty to the owner." 7 id. (Third Series), 619. Like definitions may be drawn from our own decisions. Thus one on premises without invitation, express or implied, extended by the owner, and solely for his own pleasure and convenience or purpose, is a trespasser. *Peake v. Buell,* 90 Wis. 508, 63 N. W. 1053; *Zartner v. George,* 156 Wis. 131, 145

N. W. 971; *Klemens v. Morrow Milling Co.* 171 Wis. 614, 177 N. W. 903.

The respondent contends and the trial court considered that because a single witness who had been a tenant of the building testified that while she was a tenant she went into the boiler room every two weeks or so to empty her vacuum cleaner in the coal bin, while there met the janitor and assistant janitor, and was never told to stay out, permission for tenants to enter the boiler room was implied. But we cannot give to this item of evidence such effect. "One swallow does not make a summer."

By analogy to the rule applicable to persons going upon railroad tracks, for mere presence in the boiler room to constitute persons therein licensees or invitees, the presence of tenants therein must have been so continuous, frequent, and well established as to raise an inference of acquiescence in such use by the owner of the building. *Mason v. Chicago, St. P., M. & O. R. Co.* 89 Wis. 151, 61 N. W. 300; *Schug v. Chicago, M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090; *Sorenson v. Chicago, M. & St. P. R. Co.* 192 Wis. 231, 212 N. W. 273, 522. We must hold that under the circumstances the plaintiff was a trespasser in entering the boiler room, and that the defendant is not liable to her for what happened to her while trespassing therein.

*By the Court.*—The judgment of the circuit court is reversed, with instructions to dismiss the complaint.