NEWELL, Respondent, vs. SCHULTZ BROTHERS COMPANY, Appellant.

*December 3, 1941—January 13, 1942.*

416

For the appellant there was a brief by *Wilcox, Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

For the respondent there was a brief by *William A. Campman* and *H. G. Haight,* both of Neillsville, attorneys, and *Theo. W. Brazeau* of Wisconsin Rapids of counsel, and oral argument by *Mr. Brazeau* and *Mr. Haight.*

Fritz, J.   The judgment under review is for the recovery of damages sustained by plaintiff upon falling down a stairway in defendant's store building.   The store, which was long and narrow, extending east and west, had two aisles running the length of the store, with display counters between them and also along the north and south walls, and also had an aisle for customers across the rear or east end of the store.   At the north end of this aisle there was a wooden partition dividing off an areaway space about 4′ x 4′ in the extreme northeast corner of the store, and in that partition there was a doorway opening from that aisle to the areaway.   About ten inches west of the west doorjamb, a stairway began and extended down westward from the wooden floor of the areaway to the basement under the store.   On the east doorjamb

there was a wooden door hinged to swing inward toward the north, and on the outer side of this door, facing the store proper, there was fastened a large white cardboard sign with large black lettering reading "Employees Only." There is no direct evidence whether the door was open or closed when plaintiff was injured, but it is undisputed that it could be opened only approximately one half of its arc. Neither the areaway nor the stairway were used in making sales to customers, excepting that the basement contained some reserve stock and at times customers, escorted by clerks, were taken to the basement to select special purchases from the reserve stock. At the time plaintiff was injured the store proper was brilliantly lighted, but there is no direct evidence as to whether the areaway behind the door was lighted or not; although there is some testimony that customarily, when not in use, the areaway and stairway were not lighted. There is likewise no direct evidence as to whether the wooden door was open or closed.

Upon plaintiff's entering the store to purchase a luminous locator, a clerk, Agnes Matheson, took her to the aisle running north and south, east of the center counter, which was seven feet long, extending north and south. While plaintiff was standing in that aisle and about ten feet south of the doorway to the areaway, the clerk handed a locator to her, which she examined, and while the clerk was engaged in looking around for further articles of that kind plaintiff said it was awfully light in there. Then, without notice to or knowledge on the part of the clerk, plaintiff walked northward in the aisle and through the doorway into the areaway and there stepped to her left and fell down the stairs to the basement and was seriously injured. There was no eyewitness to her fall, or plaintiff's movements immediately preceding it. She claims to have no recollection of the facts immediately preceding her fall; and testified she did not know that the stairway in question was there; and that she had never heard of it and did not know it had ever been used.

The first and second questions and answers in the jury's special verdict were as follows:

1. "Did the Schultz Brothers Company on December 20, 1939, negligently fail to sufficiently light and maintain the stairway leading to the basement of their store so as to render the said stairway unsafe for employees or frequenters in said store? Answer: Yes."

2. "If you have answered question one 'yes,' then answer this question: Was such negligence and lack of safety a cause of plaintiff's injury? Answer: Yes."

In addition the jury found that plaintiff was not guilty of negligence in failing to see the door or stairway, as it was then situated; and assessed her damages at $10,682.76.

Defendant's principal contention is that the court erred in denying its motion for judgment notwithstanding the verdict. In support of this contention defendant claims it is not liable for the injury found by the jury to have resulted from defendant's violation of the safe-place statute, for the reason that plaintiff at the time of her injury was a trespasser and not either a frequenter or an employee entitled to the protection afforded them by the provisions in sec. 101.06, Stats., which reads,—

"Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."

In defining the term "frequenter" it is provided in sec. 101.01 (5), Stats., that—

"The term 'frequenter' shall mean and include every person, other than an employee, who may go in or be in a place of

employment or public building under circumstances which render him other than a trespasser."

Defendant contends that under this definition plaintiff cannot be held to be a "frequenter," but must be held to be a trespasser, in view of the circumstances disclosed by the record that she, for her own purpose, and without notice to or knowledge of defendant as to her purpose or intended action, walked voluntarily from the store proper through the doorway and past the door marked "Employees Only" into the areaway where she stepped to her left and fell down the stairs.

These contentions must be sustained. The stairway in question was not an opening immediately off the store premises that was to be used by customers, as was the case in *Lehman v. Amsterdam Coffee Co.* 146 Wis. 213, 131 N. W. 362. On the contrary, the stairway, as well as the areaway off which it opened, was clearly separated from the store premises proper by the wooden partition and the only way that customers, such as plaintiff, could get to the stairway was by going into the areaway through the doorway in the partition and passing the door on which there was the conspicuous sign "Employees Only." That in itself constituted due notice and warning because of which no invitation to a customer to enter the areaway can be implied or be deemed to have existed. And it appears that neither the areaway nor stairway were for the use of customers excepting when at times a customer was taken by a clerk to the basement to select special purchases; but that plaintiff had never heard of the stairway or knew it had ever been used.

In view of those facts and circumstances, the cases of *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 638, 261 N. W. 742, and *Klemens v. Morrow Milling Co.* 171 Wis. 614, 619, 177 N. W. 903, which are relied upon by defendant are in point. In the *Klemens Case, supra,* during

his noon hour an employee of an independent contractor doing repair work on defendant's property entered, out of curiosity, the main building to which his work did not require entrance, and was injured while operating an elevator. The court said,—

"There was nothing about plaintiff's employment . : . making it necessary or convenient for plaintiff to enter the mill building or that would require defendant to anticipate his so doing. . . . He was there solely for his own pleasure, purpose, and convenience. He must be deemed, under the facts and circumstances in this case, to have been a trespasser at the time of the injury and to be doing what he did as an invasion of the owner's rights of possession and privacy on his own premises."

In the *Grossenbach Case, supra,* a tenant in an apartment building, who was unfamiliar with the basement arrangement, entered an open door in the basement believing it led into a locker room available for tenants, when, in fact, it led into a dark boiler room; and she was injured in falling off a platform to the floor below. The boiler room had been used by some tenants. The court said,—

"The boiler room was not maintained for the use of the tenants or for the use of the public. As far as use is concerned, it was maintained solely for those whose duty it was to maintain the fires or to perform other service for the owner therein. The plaintiff was not in the boiler room as an invitee. Neither by word of anybody or by implication was she invited or permitted to enter the boiler room. She was therefore a trespasser in the common and usual meaning of that word as used in the law of negligence. . . . Thus one on premises without invitation, express or implied, extended by the owner, and solely for his own pleasure and convenience or purpose, is a trespasser."

These conclusions and principles are applicable likewise in the case at bar, and by analogy entitled defendant to have the court grant its motion for judgment notwithstanding the

verdict on the ground that when the plaintiff sustained her injury, she had become, as a matter of law, a trespasser as that term is used in the law of negligence, to whom defendant owed no duty to maintain a safe place under sec. 101.06, Stats. Because of the error in that respect the judgment must be reversed with directions to enter judgment dismissing the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.