RYAN, Respondent, vs. O'HARA, Appellant.

*October 14—November 10, 1942.*

For the appellant the cause was submitted on the brief of *Lehner & Lehner, Adolph P. Lehner, Howard W. Eslien,* and *Howard N. Lehner,* all of Oconto Falls.

*Roscoe Grimm* of Janesville, for the respondent.

MARTIN, J. The complaint alleges that on the date in question (July 26, 1940) the defendant O'Hara was the proprieter and operator of a tavern known as the "Badger Tavern," at 417 West Milwaukee street, in the city of Janesville, Wisconsin, and duly licensed as such to dispense, sell, and traffic in fermented malt beverages, wines, and spirituous liquors at retail at said location; that on said date plaintiff entered defendant's tavern as a patron and customer at about 10 o'clock in the forenoon; that while in said tavern plaintiff was injured.

It is further alleged that defendant was the owner of an electric fan, used and placed in his tavern on top of a wooden cupboard ninety-two inches from the floor; that said electrically operated fan was a General Electric product equipped with an electric motor and three metal blades ten inches long, curved and tapered so that at their centers they were about two inches wide; that said blades operated and rotated from the center of said fan within a three-inch space between rounded and crossed metal strip guards one-fourth inch in diameter, extending across the front, rear, and circumference of said fan, about two feet in diameter, so that from the front there was uniformly a clearance between said guards and fan blades while in motion of one and one-half inches; from the rear there was also a clearance of one and one-half inches;

and around the circumference, a clearance between the ends of said fan blades while in motion and said guards of two inches.

It is further alleged that said fan constituted a mechanical device within the meaning of sec. 101.30, Stats.; and that said mechanical device was not adequately equipped with safety devices and safeguards so as to render it safe, and as free from danger to persons and property as the nature of said device would reasonably permit in the course of its use, in that the openings between the guards on both front, rear, and sides were too large to protect persons or property from injury from the moving blades of said fan, which blades while in motion were too close to said guards to provide safe and sufficient clearance. It is alleged that the construction and operation of the fan was in violation of secs. 101.01, 101.06, and 101.30, Stats.

It is further alleged:

"By reason of said place of employment being unsafe because said defendant's electric fan was not adequately and safely guarded and located, and because said electric fan was not equipped with guards, as specified and required in accordance with the orders of the industrial commission of Wisconsin, and as a proximate result thereof plaintiff's fingers accidently came into contact with the metal blades of said electric fan while said blades were rotating at high speed when plaintiff's right hand slipped off from one of the fan guards at the rear of said fan and passed through an unlawful six-inch opening in the mesh of said guards resulting in a severance of plaintiff's first finger at the second joint, a severance of his thumb near the middle joint, a gash to the bone at the second joint of his middle finger so that now said middle finger is stiff and practically useless."

It is alleged that at the time defendant was an employer of one or more persons in said tavern; that the tavern was a place of assemblage open to the public generally for the pur-

chase and consumption of alcoholic beverages, etc., on the premises, and used and occupied by the public for such trade and amusement purposes.

Sec. 101.30, Stats., provides:

"No machine, *mechanical device,* or steam boiler shall be installed or used in this state which does not fully comply with the requirements of the laws of this state enacted for the safety of employees and frequenters in places of employment and public buildings and with the orders of the industrial commission adopted and published in conformity with sections 101.01 to 101.28, inclusive, of the statutes. Any person, firm or corporation violating the provisions of this act shall be subject to the forfeitures provided in sections 101.18 and 101.28 of the statutes."

Appellant contends that when plaintiff's hand came into contact with the blades of the fan he was a trespasser. With that contention we must agree. It appears from the complaint that this fan was located on the top of a cupboard seven and two-thirds feet from the floor of the tavern. Plaintiff entered the tavern as a patron and customer. Since the business was that of dispensing fermented malt beverages, wines, and spiritous liquors at retail, and plaintiff was there as a patron and customer, we cannot conclude from the allegations of the complaint that he had any right to meddle with the electric fan. The complaint is silent as to any reason or excuse for plaintiff's hand coming into contact with the blades of the fan where it was located in defendant's place of business. The fact that the blades of the fan may not have been guarded as required by orders of the industrial commission does not change plaintiff's status from that of a trespasser.

That plaintiff was in defendant's tavern solely for his own pleasure, purpose, and convenience appears from his complaint. No fact appears that would require defendant to anticipate that any person entering his tavern as a patron and customer would meddle with the fan in the location it was

placed. The rule stated in *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 638, 261 N. W. 742; *Klemens v. Morrow Milling Co.* 171 Wis. 614, 619, 177 N. W. 903; and *Newell v. Schultz Brothers Co.* 239 Wis. 415, 419, 420, 1 N. W. (2d) 769, is applicable in the instant case.

In the latter case plaintiff entered defendant's store as a customer. The store was a long narrow building with display counters on the side and aisles between the counters. At the north end of the store a partition divided off a space in which was a door opening from the aisle to a stairway leading to the basement. Above this door was a sign, "Employees Only." Plaintiff was in defendant's store for the purpose of purchasing a luminous locator. While being waited on, a clerk in the store handed plaintiff a locator which she examined, and while the clerk was engaged in looking around for further articles of that kind plaintiff remarked it was awfully light in there. Then, without notice to or knowledge on the part of the clerk, plaintiff walked northward in the aisle and through the doorway into the areaway and there stepped to her left and fell down the stairs to the basement floor and was seriously injured. Neither the areaway nor the stairway was used in making sales to customers, excepting that the basement contained some reserve stock and at times customers, escorted by clerks, were taken to the basement to select special purchases from the reserve stock. There was no eyewitness to plaintiff's fall or plaintiff's movements immediately preceding it. She had no recollection of the facts immediately preceding her fall. She testified she did not know that the stairway was there and that she had never heard of it and did not know it had ever been used.

The jury found that defendant negligently failed to sufficiently light and maintain the stairway leading to the basement, so as to render the stairway unsafe for employees or frequenters in the store, and that such negligence and lack of safety was a cause of plaintiff's injury. Judgment for plaintiff was entered upon the verdict. On appeal, after quoting

from the decisions in *Grossenbach v. Devonshire Realty Co., supra,* and *Klemens v. Morrow Milling Co., supra,* the court said:

"These conclusions and principles are applicable likewise in the case at bar, and by analogy entitled defendant to have the court grant its motion for judgment notwithstanding the verdict on the ground that when the plaintiff sustained her injury, she had become, as a matter of law, a trespasser as that term is used in the law of negligence, to whom defendant owed no duty to maintain a safe place under sec. 101.06, Stats. Because of the error in that respect the judgment must be reversed with directions to enter judgment dismissing the complaint."

While the cases cited above came to this court on appeal after a trial below, and the case at bar is here on appeal from an order overruling defendant's demurrer, the rule of the above cases is, of course, applicable when the facts alleged show that plaintiff was a trespasser as a matter of law.

*By the Court.*—Order reversed. Cause remanded for further proceedings in accordance with this opinion.