HARDER, Administratrix, Plaintiff and Respondent, vs. MALONEY and another, Defendants and Appellants: LEVITAN, Defendant and Respondent.

*February 26—April 8, 1947.*

234

236

For the appellants there was a brief by *Evrard & Evrard* and *Joseph P. Holman,* all of Green Bay, and oral argument by *Mr. Holman* and *Mr. Raymond E. Evrard.*

For the respondent Olga Harder there was a brief by *Gruhle, Fessler & Wilkus* of Sheboygan, and oral argument by *Jacob A. Fessler* and *Joseph Wilkus.*

For the respondent Sam Levitan there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel.*

ROSENBERRY, C. J.    The plaintiff makes four contentions in this case: (1) That the warning notice was inadequate; (2) that the deceased was not a trespasser; (3) that even if the deceased were a technical trespasser, recovery should not be

denied because of the inherently dangerous nature of the gas; and (4) the deceased was an invitee under the evidence and as such was entitled to have the defendants exercise reasonable care for his safety.

A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. But it is argued on behalf of the plaintiff that even if Harder was a technical trespasser the plaintiff is nevertheless entitled to recover.

Harder was under the circumstances of this case something more than a technical trespasser. The undisputed evidence shows that he opened the door upon which there was a sign which must have been within two feet of his eyes, went into the building for the purpose of securing a bottle containing vermouth, and died before he reached the door. He was not an invitee because any invitation to the general public to enter the building was clearly withdrawn by the locking of the other doors and the erection of a plainly visible sign on the door through which he entered. The sign was about 17″ x 14″ and had upon it two skull and crossbone figures and the words:

DANGER!

FUMIGATING

WITH CYANIDE GAS

DEADLY POISON

ALL PERSONS ARE WARNED

TO KEEP AWAY

DO NOT ENTER

The lettering was in red, the type was large and plainly legible. The letters in the words "DANGER" and "DEADLY POISON" were two inches in height.

In addition to this the door was taped and it required considerable force to open it. It is considered that as a matter of law, upon these undisputed facts, the persons then in possession of the premises had not consented either impliedly or expressly that Harder or anyone else could enter the building.

A number of questions were submitted to the jury,—among others, Did Harder enter the building with intent to commit larceny? What he intended to do after he got into the building is immaterial. The real question in the case is, Did he have any right to enter the building? If he did not, then he was a trespasser. He was not an invitee because any invitation theretofore extended was withdrawn by the closing of the building and the erection of the signs. The jury found that Harder was negligent as to his own safety with respect to lookout. This could only mean that he negligently failed to observe the sign. The jury also found that this was a cause of his death. Curiously enough they also found that his failure to heed the sign was not negligence, which is contrary to all the evidence.

"The exercise of reasonable care to give reasonably adequate warning prevents the doing of an act from being negligent, if:

"(a) the law regards the actor's interest in doing the act as paramount to the other's interest in entering or remaining on the area endangered thereby, or

"(b) the risk involved in the act, or the unreasonable character thereof, arises out of the absence of warning." Restatement, 2 Torts, Negligence, p. 808, sec. 301 (2).

As stated in comment *b:* "The actor's interest in doing the act is paramount to the other's interest in coming to or being in the area endangered by it, if the actor's interest is regarded as so far superior to the other's interest as to entitle the actor to expect that the other will avoid harm by keeping out of that area if he knows of the actor's intention to act. The actor's interest in doing an act which involves a risk of harm to others in a particular area is paramount in two situations.

"The first is one in which the other has no right or privilege to be in the danger area or his right or privilege is derived solely from the actor's consent, as where a possessor of land as a favor permits another to come thereon. In such case the occupier is entitled to expect that the trespasser or licensee will yield precedence to his, the occupier's, use of his premises. He is therefore entitled to assume, in the absence of any reason to believe otherwise, that an adequate warning will cause the trespasser or licensee to avoid danger by keeping out of its way." Restatement, 2 Torts, Negligence, p. 810.

Certainly, in this case, the owner of the premises had a perfect right to have the premises fumigated for the purpose of making them more habitable. His rights were paramount to those of Harder. He took the precaution of having all the occupants vacate the building. The persons who were to do the fumigating gathered up all of the keys, locked the doors except the west door, erected adequate warning signs, and under the circumstances they had a right to assume that anyone approaching the premises would heed the sign and avoid danger. It is apparent that Harder, although he saw or should have seen the warning sign, was willing to risk the danger involved in entering the building in order to get a bottle of liquor. There are two grounds upon which the plaintiff cannot recover: First, the defendants were not negligent in failing to give adequate warning; and, second, the contributory negligence of Harder was the sole cause of the injuries which he sustained.

On its main facts and the legal principles involved, this case closely resembles *Newell v. Schultz Brothers Co.* (1942) 239 Wis. 415, 1 N. W. (2d) 769.

In that case the plaintiff was a customer in a general-store building. While a clerk was looking for articles which the customer wished to examine, she walked along an aisle through a doorway into an areaway and there stepped to her left and fell down the stairs to the basement, sustaining serious injuries. The stairway as well as the areaway off which it opened was

clearly separated from the store premises by a wooden partition, and the only way the customer could get to the stairway was by going through the doorway in the partition into the areaway and passing the door on which there was a conspicuous sign "Employees Only." This was held to constitute due notice and warning because of which no invitation to a customer to enter the areaway could be implied or be deemed to have existed. The customer was held to be a trespasser. See also *Grossenbach v. Devonshire Realty Co.* (1935) 218 Wis. 633, 638, 261 N. W. 742, and *Klemens v. Morrow Milling Co.* (1920) 171 Wis. 614, 619, 177 N. W. 903.

The defendants having given adequate notice of the condition of the building, were not negligent, therefore it becomes unnecessary to consider the effect of Harder's contributory negligence.

There is one circumstance not adverted to in the briefs which strikes us as quite conclusive characterization of the decedent's conduct. Harder was seen to enter the building, the persons who saw him immediately sought help, procured it in a very short time, went immediately to the door through which Harder entered and found that he had gone to the back bar and returned to within five or ten feet of the door through which he had just passed. This indicates rather conclusively that Harder was aware of his peril and was endeavoring to leave the building quickly in order to escape. The difficulty was that he was overcome before he got out of the building with the liquor which he had procured. This supports the conclusion that he must have seen the warning sign and acted accordingly.

These circumstances and other facts already referred to, support no other inference than that Harder entered the building and intentionally ran the risk he incurred thereby.

It is claimed that the owner of the building, the defendant Levitan, is liable under the safe-place statute. Sec. 101.06. Under this section the owner of a building is required to make

it safe for employees and for frequenters. Sec. 101.01 (5) defines the term as follows:

"The term 'frequenter' shall mean and include every person, other than an employee, who may go in or be in a place of employment or public building under circumstances which render him other than a trespasser."

Harder not being an employee and being a trespasser is not protected by the provisions of the so-called safe-place statute.

*By the Court.*—So much of the judgment as adjudges the defendants Maloney to be liable to the plaintiff is reversed, with directions to dismiss plaintiff's complaint as to the defendants Maloney; so much of the judgment as dismisses the plaintiff's complaint as to the defendant Levitan is affirmed.