TODOROVICH, Appellant, vs. KINNICKINNIC FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.

*May 25—July 1, 1948.*

For the appellant there were briefs by *Joseph G. Hirschberg,* attorney, and *E. C. Holterman* of counsel, both of Madison, and oral argument by *Mr. Holterman.*

For the respondent there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, and oral argument by *Robert G. Kroncke,* all of Milwaukee.

WICKHEM, J. The complaint alleges that plaintiff is administrator *de bonis non* of the estate of Ella Todorovich; that one of the assets of this estate was a second mortgage on certain real estate and that on February 20, 1934, Claude D. Stout, predecessor of plaintiff, commenced an action in the circuit court for Milwaukee county to foreclose this mortgage; that on the 13th of August, 1934, defendant, then known as Kinnickinnic Mutual Loan & Building Association, commenced an action to foreclose its first mortgage on the same premises. It is alleged that no summons or complaint was served upon Stout in this action and that for this reason the right of Stout, and of plaintiff as his successor, to redeem the premises from the first mortgage was not barred by this action.

The action to foreclose the first mortgage went to judgment, a sale was had and confirmed, and a deed executed and delivered to defendant corporation. The premises were thereafter sold to defendant Neidner. On April 6, 1934, judgment was taken in the action to foreclose the second mortgage. This judgment is still outstanding. It is alleged that on September 12, 1937, plaintiff tendered to defendant the amount due on its foreclosure judgment with interest to date, and demanded a release and conveyance. The prayer is that plaintiff be allowed to redeem the premises on paying the amount of defendant's judgment; that if the premises be now in the possession of Neidner and the latter indebted to defendant on the mortgage "that said mortgage be impressed with a lien in favor of the plaintiff in the satisfaction of his junior lien."

The answer alleges that on June 20, 1934, George J. Aussem, as attorney for the estate of Todorovich, served upon defendant his notice of retainer and general appearance for Stout as administrator in the action to foreclose the first mortgage; that thereafter Aussem, as attorney for Stout, admitted service of application for judgment and of the following notices: Entry of order appointing receiver; entry of judgment; petition for confirmation of sale and entry of order confirming sheriff's sale. In support of defendant's motion for summary judgment defendant's secretary filed an affidavit to the effect that the above matters set forth in the answer are true and correct and that all of them are matters of public record in the county court of Milwaukee county and in the office of the register of deeds of Milwaukee county. Of his own knowledge the affiant states that Aussem had apparent authority to appear in this action on behalf of the administrator and on information and belief it is stated that he was actually authorized so to appear. The affidavit asserts that there is no cause of action or basis or ground for a cause of action set forth in plaintiff's complaint. The second affidavit in support of the motion for summary judgment is that of

George. J. Aussem which is to the effect that he is an attorney at law licensed to practice in Wisconsin; that he was attorney of record for Stout as administrator in the action for foreclosure of the second mortgage; that subsequent to the commencement of an action to foreclose the second mortgage, "said Claude B. Stout, as administrator of said estate of Ella Todorovich, deceased, and affiant were notified of the commencement of foreclosure proceeding #138143 . . . ; that affiant was authorized by said Claude B. Stout, as such administrator, to serve upon said Kinnickinnic Mutual Loan & Building Association his notice of retainer by said Claude B. Stout as such administrator in said action and to enter his general appearance in said action; that such notice of retainer and general appearance was duly served upon said plaintiff. . . ."

It is contended by plaintiff that the affidavit of defendant's secretary is not of evidentiary facts and that portions of the affidavit are upon information and belief. In respect of the affidavit of Aussem plaintiff states, "that Stout informed your affiant that he never met George J. Aussem and would never know Mr. Aussem, if he saw him."

We are of the view that plaintiff's contentions must fail. In respect of the contention that the affidavit of defendant's secretary sets forth no evidentiary facts it is to be noted that the affidavit incorporates by reference allegations in the answer stating specifically not merely the ultimate fact of the appearance of Aussem for Stout in the foreclosure action but specifically the steps which constituted his participation. These are the evidence of an appearance.

We have no occasion to consider the significance of the assertion in the affidavit on information and belief that Aussem had authority to appear for Stout for the reason that Aussem himself filed a positive affidavit that he was specifically authorized to make an appearance and to admit service of papers in that action. The only way in which Aussem's affidavit

is put into question is by a hearsay statement attributed by affiant to Stout that he did not know Aussem. This would not be admissible as evidence on the trial of the case and hence there is no showing that there is any *bona fide* issue of fact between the parties on the subject of Aussem's authority. Under these circumstances the trial court was warranted in entering a summary judgment.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.