McNALLY, Appellant, v. GOODENOUGH and another, Co-partners, and another, Respondents.

*October 8—November 5, 1958.*

296

For the appellant there was a brief by *Thronson, Roethe & Agnew*, attorneys, and *Jeffris, Mouat, Oestreich, Wood & Cunningham* of counsel, and oral argument by *Louis D. Gage, Jr.,* and *John T. Roethe,* all of Janesville.

For the respondents Goodenough there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Eli Block*.

For the respondent Aubrey H. Pember there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland*.

WINGERT, J.   The judgment of dismissal will be affirmed.

*Owner not liable.*  Dr. Pember, the owner of the building, had leased all portions here involved to the Goodenoughs, and retained no control or possession thereof.  Hence his liability under the safe-place statute was limited to structural defects.

The vestibule at the head of the basement stairs was provided with an electric light which was in operating condition, but it was turned off at the time of the accident.  Any obligation to keep the light turned on rested solely upon the tenants, and the owner cannot be held liable for their failure in that respect.  *Kinney v. Luebkeman,* 214 Wis. 1, 4, 5, 252 N. W. 282.

By the same token, the owner is not responsible for the tenants' failure to keep the door to the basement steps closed, or to have a warning sign on or near the door.

The absence of a handrail on the upper part of the steps may have been a structural defect attributable to the landlord, but on the facts of this case it was not a contributing cause of the injury. Plaintiff, moving ahead in the dark, stepped off the top step without knowing there was a stairway, and would not have seen or used the rail if one had been there. He admitted he could not see anything. The suggestion that he might have grasped a proper rail blindly during his fall and thereby reduced his injuries is too speculative. *Schoonmaker v. Kaltenbach*, 236 Wis. 138, 294 N. W. 794.

*Tenants not liable under safe-place statute.* The part of the building occupied by the Goodenoughs was a place of employment. Therefore they were required by sec. 101.06, Stats., to "furnish a place of employment which shall be safe for employees therein and for frequenters thereof" and to "do every other thing reasonably necessary to protect the . . . safety, . . . of such employees and frequenters."

The term "frequenter" includes every person, other than an employee, who is on the premises under circumstances which render him other than a trespasser (sec. 101.01 (5), Stats.). An employee of an independent contractor, doing work on the building, is a frequenter of that part of the premises where his work reasonably takes him. *Frankovis v. Klug & Smith Co.* 275 Wis. 156, 161, 81 N. W. (2d) 495. Therefore when plaintiff was working on the roof he was within the protection of the statute.

On the other hand, the safe-place statute does not protect one who is merely a trespasser. *Harder v. Maloney,* 250 Wis. 233, 26 N. W. (2d) 830; *Newell v. Schultz Brothers Co.* 239 Wis. 415, 421, 1 N. W. (2d) 769.

We need not determine whether the facts might warrant a finding that plaintiff was a frequenter when he was walking

on the direct route from the roof through the back door to the front of the store to consult Mr. Goodenough, and on the direct way back to the alley and roof. For present purposes we may assume that he was then a frequenter, on the theory that he reasonably took that route as an incident to the repair job requested by Goodenough.

When plaintiff deviated from the direct path and turned into the vestibule at the head of the stairs he became a trespasser as a matter of law and he was a trespasser when hurt on the stairway. On no theory did plaintiff have any right to be in the vestibule or to use the stairway. Nothing connected with his work required or justified his presence there. He had no privilege to be there created by the Goodenoughs' consent or otherwise, and hence was a trespasser. Restatement, 2 Torts, p. 891, sec. 329. The fact that he did not intend to use the stairway, but was confused and did so by mistake, does not prevent its being a trespass. See *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 635, 261 N. W. 742.

The case just cited is very similar to the one at bar and controls it. There the plaintiff, a resident in an apartment house, went to the basement where there was a locker room and a laundry for the use of the tenants. She was unfamiliar with the basement, and entered the boiler room, mistaking it for the locker room. The room was dark; while feeling for a light switch plaintiff stepped off the platform at the entrance of the boiler room and was injured. Reversing a judgment of the circuit court, this court held that plaintiff was a trespasser in the boiler room as a matter of law, since tenants were not invited into that room either expressly or by implication although free to use the other rooms and the passageways (p. 638).

Other cases illustrating the same principle, but not so close to the instant case on the facts, are *Klemens v. Morrow Milling Co.* 171 Wis. 614, 177 N. W. 903; *Newell v.*

*Schultz Brothers Co.* 239 Wis. 415, 1 N. W. (2d) 769; and *Ryan v. O'Hara,* 241 Wis. 389, 6 N. W. (2d) 209.

In *Grossenbach* it was held immaterial that a previous tenant had gone into the boiler room every two weeks to empty a vacuum cleaner, while there had met the janitor, and was never told to stay out, as that practice was not so frequent and well established as to raise an inference of acquiescence (218 Wis. at p. 639).

It is suggested that on plaintiff's version of the facts, which we must accept for present purposes, the transverse hallway was so dark that a jury could find it unsafe while the door was open to the dark vestibule leading to the basement stairway; [1] and that while in the hallway plaintiff was a frequenter, not a trespasser. Even on that hypothesis, we think that plaintiff's negligence in proceeding as he did was at least equal as a matter of law to that of the Goodenoughs in failing to have the hallway better lit and the door shut, and thus defeats recovery. Plaintiff had just been through the hallway, its darkness was apparent, and, if as great as he claims, it called upon him to proceed with great care. Instead, walking at a fast pace into the hallway, he took no pains at all to retrace his previous steps, but went ahead blindly in the opposite direction into an unfamiliar area where he said he could see nothing. In essence this aspect of the case is like *Klein v. Montgomery Ward & Co.* 263 Wis. 317, 57 N. W. (2d) 188. In unfamiliar buildings as well as on highways, ·one whose vision is completely obscured must proceed cautiously. Cf., *Heine v. Oswald Jaeger Baking Co.* 275 Wis. 26, 29, 80 N. W. (2d) 791, and cases cited.

*Tenants not liable for common-law negligence.* It remains to consider whether the facts taken in the light most favorable

[1] Plaintiff's affidavit referred to the condition of the hallway variously as "a dark, unlighted hall" and "semidarkness," but on adverse examination he testified that he could see his way when he came through the hallway the first time.

to plaintiff might warrant a finding that the Goodenoughs were negligent in permitting him to go back into the transverse hallway without warning him of the risk of making a left turn instead of a right turn and falling into the dark stairway, and in not turning on the light in that area; and that their negligence was greater than that of plaintiff.

It is undisputed that the Goodenoughs' clerk temporarily in charge of the store knew that plaintiff was there and had come from the rear, and it would be a permissible inference that she knew he was about to return the same way. She neither informed him that the area was forbidden to outsiders, nor gave him any warning of the stairway, nor turned on the light. Assuming that plaintiff was a frequenter on his visit to the store, and was a business visitor within the terminology of the Restatement of the Law of Torts,[1] then the following rule would apply:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

(b) has no reason to believe that they will discover the condition or realize the risk involved therein, and

(c) invites or permits them to enter or remain upon the land without exercising reasonable care

(i) to make the condition reasonably safe, or

(ii) to give a warning adequate to enable them to avoid the harm. . . ." (Restatement, 2 Torts, p. 938, sec. 343.)

In the present case there is no evidence upon which a finding could be made that Goodenoughs or their clerk had no

---

[1] A somewhat greater duty is owed to business visitors than to gratuitous licensees or known trespassers. Restatement, 2 Torts, pp. 917, 932, 939, secs. 337, 342, 343, comment *a*.

reason to believe that plaintiff would discover the condition (an open doorway into the dark vestibule and stairway) or realize the risk involved therein. Plaintiff had just come in from the rear of the building through the transverse hallway and passed the open door into the stairway vestibule without entering it, and we see no reason why the clerk should have suspected that he who had so recently found his way successfully would lose it on the return trip, or would persist in walking blindly forward without precaution when he found himself in darkness.

Furthermore, we are satisfied that if the facts would warrant a finding of negligence on the part of the store clerk, they would compel a finding that plaintiff's negligence was at least as great as hers. Plaintiff traversed three rooms on the way from the rear vestibule to the front room, yet on his return he expected to find the exit door after crossing only two rooms. He turned left through a dark doorway when he should have turned right along the hallway he had traversed only a few minutes before. Finding himself in darkness he nevertheless stepped brashly forward into the void without feeling for the door that he knew would have been there had this been the vestibule by the alley.

It follows that there could be no recovery for common-law negligence. This conclusion is not affected by the statement made on information and belief in plaintiff's affidavit in opposition to summary judgment, that prior to plaintiff's accident another person had similarly become confused by the series of rooms and the similarity of the two doors on the west side of the building and had also fallen down the stairs, thereby giving the defendants notice of the unsafe condition of the premises. An affidavit on information and belief is not alone sufficient to prevent summary judgment.

It does not satisfy the requirement of sec. 270.635 (2), Stats., that the affidavits must set forth evidentiary facts and must be made by persons who have knowledge thereof.

*Edwards v. Gross,* 4 Wis. (2d) 90, 95, 90 N. W. (2d) 142; *Todorovich v. Kinnickinnic Federal S. & L. Asso.* 253 Wis. 44, 47, 33 N. W. (2d) 171. This rule need not cause hardship where the asserted fact is peculiarly within the knowledge of the opposite party, for in such a case the party relying on the suspected fact may have an adverse examination of the other party to obtain the desired information, and if necessary may obtain leave from the court to defer action on the motion for summary judgment pending such examination. In the case at bar plaintiff did examine Mr. Goodenough adversely, but did not question him about the alleged prior accident. Special circumstances might warrant relaxation of the rule in exceptional cases, but no cause for its relaxation is shown here.

*Diagrams.* Counsel for the Goodenoughs are to be commended for attaching diagrams to their brief, one of which is reproduced herewith. Where the position of physical features is important to the understanding of a case, a map or diagram is often a great help to the court by showing at a glance what could otherwise be explained only at considerable length and with possibility of confusion.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and BROWN, J., took no part.

FAIRCHILD, J. *(dissenting in part).* I agree with the conclusions as to the owner's freedom from liability. As to the tenant, however, the affidavits did not conclusively resolve the issue of whether the transverse hallway was dark and therefore unsafe. If it was unsafe because of the darkness and the fact that an open door led to the stairway landing which was also dark, then the plaintiff could ground his action upon the condition of the hallway. In my opinion he was a frequenter as he passed through the hallway.