MIDTHUN, Respondent, v. MORGAN, d/b/a MORGAN'S TRAILER PARK, Appellant.*

*April 15—May 9, 1967.*

* Motion for rehearing denied, with costs, on June 30, 1967.

For the appellant there was a brief by *Chambers, Nash, Pierce & Podvin* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers.*

For the respondent there was a brief by *Crowns, Crowns, Merklein & Midthun* of Wisconsin Rapids, and oral argument by *Byron C. Crowns.*

HANSEN, J. Defendant moved for a summary judgment as to both causes of action, and upon affidavits filed by the respective parties, the court found that the plaintiff was a trespasser as to that part of the defendant's building in which the plaintiff was injured and entered the following order:

". . . this action may proceed to trial on the cause of action set forth in Plaintiff's Amended Complaint specifically entitled 'Cause of Action on Common Law Negligence' but it shall not proceed to trial on the cause of action specifically entitled 'Cause of Action Under the Safe Place Statute,' and all portions of the pleadings in this action inconsistent with this determination shall be deemed to be stricken from such proceedings for the purpose of trial."

*Cause of Action as to Common-Law Negligence.*

Defendant appeals from that portion of the order denying motion for summary judgment as to "cause of action on common-law negligence." The plaintiff initially came upon defendant's premises as an invitee. However, after coming upon defendant's premises as an invitee, he thereafter entered upon a portion of the premises that the defendant had not intended that he enter. Having once come upon the premises as an invitee, the defendant owed the plaintiff "the alternative duty of either having his premises in a reasonably safe condition

or of giving the invitee adequate and timely warning of latent and concealed perils which are known to the owner but not to the invitee." *Schlicht v. Thesing* (1964), 25 Wis. (2d) 436, 441, 130 N. W. (2d) 763. The affidavits filed relative to the motion for summary judgment are sufficiently evidentiary to support findings of negligence as to both parties to the action. Such apportionment of negligence is properly a jury determination.

Defendant asks both the trial court and this court to find that the negligence of the plaintiff was at least as great as that of his own as a matter of law, and cites *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 92 N. W. (2d) 890, as authority for his position. In *McNally,* this court held that a workman was at least equally negligent as a matter of law for the following reasons (p. 304) :

". . . Plaintiff traversed three rooms on the way from the rear vestibule to the front room, yet on his return he expected to find the exit door after crossing only two rooms. He turned left through a dark doorway when he should have turned right along the hallway he had traversed only a few minutes before. Finding himself in darkness he nevertheless stepped brashly forward into the void without feeling for the door that he knew would have been there had this been the vestibule by the alley."

This case is easily distinguishable from *McNally, supra.* In the instant case, plaintiff never traversed the premises at night and had never entered defendant's apartment door from the south side. The defendant forgot to turn on the light over the apartment door. He neither warned nor directed the plaintiff how to enter although he knew the plaintiff was coming and the area dark. The door the plaintiff entered had no sign or light. Under these circumstances, the apportionment of negligence should not be determined as a matter of law, but instead left for a trial and a decision by the jury whose special province it usually is to determine the issue of comparative negli-

gence. *Davis v. Skille* (1961), 12 Wis. (2d) 482, 107 N. W. (2d) 458.

The order of the trial court as to the cause of action alleging a violation of the safe-place statute was considered by both counsel in their briefs and oral arguments.

Counsel for respondent urges that the order of the trial judge providing that the trial "shall not proceed to trial on the cause of action specifically entitled 'cause of action under safe place statute' " be reversed as error. This we cannot do. Defendant's notice of appeal very definitely states that the appeal is from that portion of the order dated October 21, 1966, wherein the trial court ordered "this action may proceed to trial on the cause of action set forth in plaintiff's amended complaint specifically entitled 'Cause of Action on Common-Law Negligence.' "

Sec. 274.12 (1), Stats., provides:

"(1) A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from.

". . .

"(4) When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal."

The record before us does not contain a notice of review or a cross appeal as may be appropriate and required by the statutes. Respondent has not preserved his right to seek relief. *McPhillips v. Blomgren* (1965), 30 Wis. (2d) 134, 145, 140 N. W. (2d) 267.

*By the Court.*—Order affirmed.