COPELAND (Gary Lee), as assignee of William F. Copeland and E. Burdelle Copeland, his natural parents, and individually as a minor by guardian *ad litem,* Respondent, v. LARSON and wife, Appellants.

*No. 86. Argued February 5, 1970.—Decided March 6, 1970.*
(Also reported in 174 N. W. 2d 745.)

338

For the appellants there was a brief by *Stafford, Rosenbaum, Rieser & Hansen,* attorneys, and *Thomas M. Boykoff* of counsel, and oral argument by *William F. Nelson,* all of Madison.

For the respondent there was a brief by *Bruce Gillman* and *Arthur, Tomlinson & Gillman,* all of Madison, and oral argument by *Bruce Gillman.*

HALLOWS, C. J.   Larson's Beach Resort is located on the eastern shore of Lake Waubesa and consists of a general store with a short-order restaurant, boat launch and docking facilities, six rental cabins, general facilities, and the main T-shaped pier from which the plaintff dived or slipped. It has been the custom of the general public for a number of years to swim and dive from this pier without restriction and without paying any charge because no such charge was ever imposed.

On the day of the accident, the plaintiff went to the resort with two of his friends in their swimming suits for a swim. Neither the plaintiff nor his friends stopped at the store before swimming. In his affidavit, the plaintiff stated he had been a patron of the store three or four years prior to the time of the accident when he was living in Dane county and he would have purchased cigarettes or food on the day of the accident if he had not been injured. The business at Larson's Beach grosses approximately $55,000 during the seven months of the year it is open; the store has from 10 to 100 swimmers per day as customers and carries candy, pop, and sandwiches for sale.. In his affidavit, the defendant Norman Larson seems to qualify these state-

ments of his by stating no substantial portion of the business catered to the swimmers.

The question is whether the general implied permission granted by the defendant resort owners to the plaintiff as a member of the public to use the swimming facilities was for a valuable consideration within the meaning of sec. 29.68, Stats. To understand the application of this section,[1] a brief review of the common-law

[1] "29.68 **Liability of landowners.** (1) SAFE FOR ENTRY; NO WARNING. An owner, lessee or occupant of premises owes no duty to keep the premises safe for entry or use by others for hunting, fishing, trapping, camping, hiking, berry picking, water sports, sightseeing or recreational purposes, or to give warning of any unsafe condition or use of or structure or activity on such premises to persons entering for such purpose, except as provided in sub. (3).

"(2) PERMISSION. An owner, lessee or occupant of premises who gives permission to another to hunt, fish, trap, camp, hike, sightsee, berry pick or to proceed with water sports or recreational uses upon such premises does not thereby extend any assurance that the premises are safe for such purpose, or constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted, except as provided in sub. (3).

"(3) LIABILITY. This section does not limit the liability which would otherwise exist for wilful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity; or for injury suffered in any case where permission to hunt, fish, trap, camp, hike, sightsee, berry pick or to proceed with water sports or recreational uses was granted for a valuable consideration other than the valuable consideration, if any, paid to said landowner by the state; or for injury caused by acts of persons to whom permission to hunt, fish, trap, camp, hike, sightsee, berry pick or to proceed with water sports or recreational uses was granted, to other persons as to whom the person granting permission, or the owner, lessee or occupant of the premises, owed a duty to keep the premises safe or to warn of danger. As used in this subsection 'valuable consideration' shall not include contributions to the sound management and husbandry of natural and agricultural resources of the state resulting directly from the recreational activity.

duties of a landowner in relation to persons coming on his land is necessary. Traditionally there were special rules which prevented the doctrine of negligence from being fully applied and were determined in the main by rigid categories of the legal status of the person entering upon the land.

At common law a landowner owed little or no duty to a trespasser. In *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 141 N. W. 2d 902, we stated, "If the person is a trespasser, the owner of land has the duty to refrain from wilful and intentional injury. *Shea v. Chicago, M., St. P. & P. R. Co.* (1943), 243 Wis. 253, 257, 10 N. W. 2d 135. He is not liable for injury to trespassers, as a general rule, caused by his failure to exercise reasonable care to put his land in safe condition for them, nor is he obliged to refrain from operations or activities that might cause injury (Prosser, *Law of Torts* (hornbook series, 3d ed.), p. 365, sec. 58) at least until the trespasser is discovered. Restatement, 2 *Torts*, p. 917, sec. 337, takes the position that there is a duty to warn known trespassers of highly dangerous conditions." A person who has a privilege to enter upon land arising from the consent of the possessor of land but who goes on the land for his own purpose rather than for any purpose or interest of the possessor is a licensee. To such a person in Wisconsin the duty owed by the possessor of land is limited to keeping the property safe from traps and to refraining from active negligence; the owner has no obligation to a licensee in regard to dangers which are unknown to him. *Greenfield v. Miller* (1921), 173 Wis. 184, 180 N. W. 834; *Szafranski v. Radetsky, supra; Scheeler v. Bahr* (1969), 41 Wis. 2d

"(4) INJURY TO PERSON OR PROPERTY. Nothing in this section creates a duty of care or ground of liability for injury to person or property.

"(5) DEFINITION. The word 'premises' as used in this section includes lands, private ways and any buildings, structures and improvements thereon."

473, 164 N. W. 2d 310. A person who enters the land of another upon business which concerns the possessor of land and upon his invitation expressed or implied is considered an invitee. In some cases permission to enter upon the land was for a consideration. As to such a person the landowner owes a duty of ordinary care. *Szafranski v. Radetzky, supra.*

There is a conflict of opinion on the exact definition of an invitee and the basis of the owner's liability. Two theories have developed, *i.e.,* the "economic-benefit" theory which embraces a business visitor and the "invitation theory." The economic-benefit test imposes an obligation upon the occupier of land when he receives some actual or potential benefit as a result of the entry. The invitation theory imposes a duty based upon a holding out of the premises as suitable for the purpose for which the visitor entered. *See* 1959 Personal Injury Commentator 218, digesting Jewitt; Comment, Vol. 4, Villanova Law Rev. (1958–1959), 256. *See also Land Occupants Liability to Invitees, Licensees & Trespassers,* 31 Tenn. Law Rev. (1964), 485. The Restatement of *Torts* 2d, secs. 332 and 343, adopts the economic-benefit theory and finds an invitee relationship and a duty to keep the premises safe if the landowner receives any economic benefit from the presence of the visitor or expects to derive any such benefit. Potential pecuniary profit to the possessor of the land is sufficient. Prosser, *Law of Torts* (3d ed.), p. 394, sec. 61. Wisconsin has adopted the invitational theory and finds a basis for the liability to the invitee in a representation implied from the encouragement the landowner gives to others to enter to further one of his purposes. To this court, the terms "business invitee," "business visitor," and "invitee" are synonyms and we have held that when a person enters upon the premises of another and there is a benefit to the other person by the entry or some

mutuality of interest, the visitor is an invitee. *Greenfield v. Miller, supra; Schroeder v. Great Atlantic & Pacific Tea Co.* (1936), 220 Wis. 642, 265 N. W. 559. *See Schlicht v. Thesing* (1964), 25 Wis. 2d 436, 130 N. W. 2d 763; *Hupfer v. National Distilling Co.* (1902), 114 Wis. 279, 90 N. W. 191. We recognize a growing tendency of courts to enlarge the duty of landowners in respect to negligence and to minimize the distinction between licensees and invitees either by enlarging what constitutes an economic benefit or by adopting the broader test of the invitation theory. *See The Outmoded Distinction Between Licensees and Invitees,* 1958 Personal Injury Commentator, p. 90. Sec. 29.68 of the Wisconsin statutes must be considered as a special reversal or exception to this tendency based upon a special public policy for a limited classification of users.

An examination of sec. 29.68, Stats., indicates the landowner owes the ordinary duty of reasonable care to those entering upon his land for certain recreational purposes only if the permission to enter the land is granted for a valuable consideration. To a licensee the liability for "traps" and "active negligence" was altered by this statute to a liability for "willful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity," and therefore the statute is in derogation of the common law and requires a strict construction. As to invitees, the landowner's liability is apparently not changed by sec. 29.68 unless a change is conceived in the term "valuable consideration." In construing what is meant by the use of this term in the statute, it is appropriate to look to the legislative history of the section. *See* Comment, *Statutory Construction—Legislative Intent—Use of Extrinsic Aids in Wisconsin,* Liddle, 1964 Wis. L. Rev. 660.

This section was originally enacted in 1963 and its legislative history is well summarized in a Note, *Torts-*

*Statutes-Liability of Landowner to Persons Entering for Recreational Purpose,* Lehmann, 1964 Wis. L. Rev. 705. It seems that forest owners had suffered substantial damage to forest reproduction as a result of excessive deer herds and in the late 1950's they initiated a campaign to promote deer hunting on their forest lands. Later the forest owners became concerned about their potential liability for injuries suffered by those whom they had invited upon their lands and sought a statutory limitation of their liability; sec. 29.68, Stats., resulted.

In drafting the section, the legislature had under consideration similar legislation from New York, Pennsylvania, Maine, and New Hampshire.[2] The legislative file indicates this section was patterned after the Maine statute.[3] But the Wisconsin draftsman added berry picking, water sports, and recreational purposes. Thus the section covered more than deer hunters and was created to encourage the use of forest and farmlands for many outdoor recreational sports by restricting the common-law liability of the landowner to such users in various respects. In drafting this legislation it is argued the legislature also had before it the preamble of the New Hampshire statute which expressly stated its legislation was "to codify the common law, in respect to the duty of care owed by landowners towards others who may be on their premises for sporting and recreational purposes and not for purposes connected with the landowners' own business." Wisconsin did not use this preamble but we do not consider this sufficient to draw an inference that the Wisconsin statute was intended to limit the landowner's liability to business invitees. Besides, the legislature could hardly have used this preamble and also have changed the common law.

---

[2] *See* the drafting file of Senate Bill 365 of the 1963 legislative session on record at the Wisconsin Legislative Reference Bureau.

[3] Public Laws of Maine, 1961, ch. 276; Me. Rev. Stats. Anno. Title 12, secs. 3001–3005 (1964).

Although 27 states have enacted legislation similar to sec. 29.68,[4] only two courts have construed such legislation. In *Heider v. Michigan Sugar Co.* (1964), 375 Mich. 490, 134 N. W. 2d 637, certiorari granted, 383 U. S. 905, 86 Sup. Ct. 892, 15 L. Ed. 2d 661, certiorari denied, 385 U. S. 362, 87 Sup. Ct. 532, 17 L. Ed. 2d 427, the Michigan statute was held to preclude a father from recovering for the wrongful death of his two minor sons who, while trapping on the defendant's land

[4] *See e.g.,* Alabama Code, Title 47 (1967 Supp.), secs. 281–285;
Arkansas Stats. Anno. (1969 Supp.), secs. 50–1101 to 50–1107;
California Civil Code (Deering's 1970 Supp.), sec. 846;
Idaho Code (1969 Supp.), sec. 36–2503;
Illinois Stats. Anno. (1969 Smith Hurd Supp.),
    ch. 70, secs. 31–37;
Indiana Stats. Anno. (1968 Supp.), secs. 11–1815 to 11–1817;
Kentucky Rev. Stats. (1968 Supp.), sec. 150.645;
Maine Rev. Stats. (1963 Supp.), ch. 37, sec. 152;
Michigan C. L. sec. 300.201 (P. A. 1964, No. 199), Michigan
    Stats. Anno. (1967), sec. 13.1485;
8 Minnesota Stats. Anno., sec. 87.04;
Montana Rev. Code (1967 Supp.), secs. 67–808, 67–809;
2 Nevada Rev. Stats. (1967), sec. 41.510;
2A New Hampshire Rev. Stats. Anno., sec. 212.34;
New Jersey Rev. Stats. Anno. (1969 Supp.), secs. 2A:42A–2 to
    2A:42A–5;
8 New Mexico Stats. Anno. (1969 Supp.), sec. 53–4–5.1;
New York, 23A McKinney's Consolidated Laws Anno., General
    Obligations Law, sec. 9–103;
North Carolina General Stats. (1966), secs. 113–120.5 to
    113–120.7;
North Dakota Century Code (1969 Supp.), secs. 53–08–01 to
    53–08–06;
Ohio (Page's 1964), Rev. Code Anno., sec. 1533.181;
Oklahoma Stats. Anno., Title 76 (1970 Supp.), secs. 10–15;
Oregon Rev. Stats. (1965), sec. 30.790;
Pennsylvania Stats. Anno., Title 68 (1970 Purdon Supp.), secs.
    477–1 to 477–8;
9A Tennessee Code Anno., secs. 51–801 to 51–805;
Texas, 1 Vernon's Civil Stats. Anno., Art. 1b;
Utah Code Anno. (1967 Supp.), secs. 23–1–13, 23–1–14;
Vermont Stats. Anno. (1969 Supp.), Title 10, sec. 5211a;
Virginia Code Anno. (1968 Supp.), sec. 8–654.2.

without permission, drowned in a pond constructed and used by the defendant for the purpose of keeping its waste materials from running into Saginaw Bay. The defendant was in the sugar beet processing business and there was no evidence of payment of a valuable consideration or that the defendant was guilty of gross negligence or willful and wanton misconduct, anyone of which would under the terms of the statute make it inapplicable. In *Magerowski v. Standard Oil Co.* (D. C. Mich. 1967), 274 Fed. Supp. 246, the court in an action for a wrongful death of a trespassing child who drowned while fishing from the defendant's dock applied the Michigan statute and dismissed a cause of action based on ordinary negligence and denied a motion to dismiss a cause of action based upon gross negligence. Neither of these cases involved the question presented here.

When the section was enacted, the term "valuable consideration" in sec. 29.68 could have been narrowly or broadly construed. If narrowly construed, only a monetary fee paid to the landowner would have constituted valuable consideration. If broadly construed, the term would have included nonmonetary benefits and indirect economic benefits flowing to the owner from the recreational use of his land. Under the broad view, the killing of deer by hunters invited on the forest land was a benefit to the forest owners because the reduction of the deer herds reduced the amount of tree-crop damage. It was pointed out in the Comment in 1964 Wis. L. Rev. 507, *supra,* that a broad view of "valuable consideration" would defeat the purpose the forest owners had in supporting the enactment of the section. As a result by the Laws of 1965, ch. 190, the last sentence of sec. 29.68 (3) was added to qualify "valuable consideration" so that the term would not include "contributions to the sound management and husbandry of natural and agricultural resources of the state resulting directly from the recreational activity." This last sentence was expressly recom-

mended verbatim by the 1964 Wisconsin Law Review and adopted by the legislature as recommended. By adopting this limited exclusion, the legislature stamped its broad interpretation upon the term "valuable consideration" and created an exception. We think a reasonable interpretation of the term "valuable consideration" as used in the statute in light of its history and by its express language means such consideration which at common law could constitute the person entering upon the land an invitee. Also, this section is in derogation of the common law and we must strictly construe it, which requires a broad construction of the term "valuable consideration." This consideration may be the conferring of a benefit upon the landowner or a mutuality of interest of the landowner and the entrant. In such cases the common-law duty of ordinary care and any statutory duty of a landowner is not altered by sec. 29.68 excepting for the express exclusion therein stated.

On the instant facts, we think the benefit the defendants expected to receive from increased sales in their store by creating prospective customers through permitting the use of their swimming facilities and the mutuality of interest of the swimmers and the defendants was sufficient "valuable consideration" for the general implied permission to the public to use the bathing facilities. This view of valuable consideration is taken in the Comment, 1964 Wis. L. Rev. 705 and also in *Garfield v. United States* (D. C. Wisconsin 1969), 297 Fed. Supp. 891, which is the only other court to construe this section.

The plaintiff alleges recovery may be had under the safe-place statute but the defendants argue this liability is superseded by sec. 29.68. The parties seem to agree the pier might be covered by the safe-place statute, a question we do not now decide. *But see Rogers v. Oconomowoc* (1962), 16 Wis. 2d 621, 115 N. W. 2d 635; *Feirn v. Shorewood Hills* (1948), 253 Wis. 418, 34 N. W. 2d 107; compare *Ball v. Madison* (1957),

1 Wis. 2d 62, 82 N. W. 2d 894. Whether sec. 29.68 supersedes sec. 101.06, Stats., the safe-place statute, is only relevant if the plaintiff is a licensee, *i.e.*, a person who has entered upon the defendants' land with permission and without giving a valuable consideration. The safe-place statute does not apply to trespassers. Sec. 101.01 (5), Stats. *Ryan v. O'Hara* (1942), 241 Wis. 389, 6 N. W. 2d 209; *Newell v. Schultz Brothers Co.* (1942), 239 Wis. 415, 1 N. W. 2d 769. Sec. 29.68 (3) expressly provides the "section does not limit the liability which would otherwise exist . . . for injury suffered in any case where permission . . . was granted for a valuable consideration . . . ." Since we have taken the view that there is a valuable consideration on the facts presented, we do not reach the question of whether sec. 29.68 supersedes the liability under the safe-place statute to a frequenter who is a licensee.

*By the Court.*—Order affirmed.