GOODSON, Respondent, v. CITY OF RACINE, Appellant.

*No. 238. Submitted under sec. (Rule) 251.54 November 28, 1973.—*
*Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 16.)

For the appellant the cause was submitted on the briefs of *Jack Harvey*, city attorney, and *Edward A. Krenzke*, deputy city attorney.

For the respondent the cause was submitted on the brief of *Moertl & Wilkins* and *Robert Wilkins*, all of Milwaukee.

HANLEY, J. The sole issue presented on this appeal is whether the trial court erred in overruling the defendant's demurrer.

The defendant contends that since, pursuant to sec. 29.68, Stats.,[1] an owner of property is not liable for in-

---

[1] "Liability of landowners. (1) SAFE FOR ENTRY: NO WARNING. An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for hunting, fishing, trapping, camping, hiking, snowmobiling, berry picking, water sports, sightseeing or recreational purposes, or to give warning of any unsafe condition or use of or structure or activity on such premises to persons entering for such purpose, except as provided in sub. (3).

"(2) PERMISSION. An owner, lessee or occupant of premises who gives permission to another to hunt, fish, trap, camp, hike, snowmobile, sightsee, berry pick or to proceed with water sports or recreational uses upon such premises does not thereby extend

juries sustained on its property absent allegations and proof of a wilful or malicious failure to guard or warn against a dangerous condition, and since the municipality is an owner of property within sec. 29.68 that the defendant's demurrer should have been sustained and the complaint dismissed for failure to state a cause of action in that no allegation of wilful or malicious action on the part of the city was made. While the defendant correctly asserts the effect of sec. 29.68, we think that its contention is without merit in that a municipality is not an owner within the ambit of said statute.

any assurance that the premises are safe for such purpose, or constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted, except as provided in sub. (3).

"(3) LIABILITY. This section does not limit the liability which would otherwise exist for wilful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity; or for injury suffered in any case where permission to hunt, fish, trap, camp, hike, snowmobile, sightsee, berry pick or to proceed with water sports or recreational uses was granted for a valuable consideration other than the valuable consideration paid to said landowner by the state; or for injury caused by acts of persons to whom permission to hunt, fish, trap, camp, hike, snowmobile, sightsee, berry pick or to proceed with water sports or recreational uses was granted, to other persons as to whom the person granting permission, or the owner, lessee or occupant of the premises, owed a duty to keep the premises safe or to warn of danger. As used in this subsection 'valuable consideration' shall not include contributions to the sound management and husbandry of natural and argricultural resources of the state resulting directly from the recreational activity.

"(4) INJURY TO PERSON OR PROPERTY. Nothing in this section creates a duty of care or ground of liability for injury to person or property.

"(5) DEFINITION. The word 'premises' as used in this section includes land, private ways and any buildings, structures and improvements thereon."

In *Copeland v. Larson* (1970), 46 Wis. 2d 337, 174 N. W. 2d 745, the court went to great lengths to discuss the common-law liabilities of landowners. The court determined that sec. 29.68, Stats., was in derogation of the common law in that it altered the liability of landowners under certain circumstances and must be strictly construed to be consistent with the intent of the legislature. We think that a similar construction of sec. 29.68 is necessary so as to determine the intent of the legislature as to whether or not the legislature intended governmental bodies to be deemed "owners" within the ambit of the statute.

In construing sec. 29.68, Stats., so as to determine whether a city is an owner within the statute, it is necessary to look at the legislative history and purpose so as to determine the intent of the legislature.[2]

"This court is required to give effect to the intent of the legislature in interpreting statutes . . . ." *Stryker v. Town of LaPointe* (1971), 52 Wis. 2d 228, 232, 190 N. W. 2d 178.

The legislative history of sec. 29.68, Stats., is well-summarized in *Copeland v. Larson, supra;* and Note, *Torts-Statutes-Liability of Landowners to Persons Entering for Recreational Purpose,* Lehman, 1964 Wis. L. Rev. 705. The legislative history of the statute reveals that the purpose for which the statute was promulgated was to limit the liability of private landowners who opened their lands to the public.

"It seems that forest owners had suffered substantial damage to forest reproduction as a result of excessive deer herds and in the late 1950's they initiated a campaign to promote deer hunting on their forest lands. Later the forest owners became concerned about their

---

[2] *See* Comment, *Statutory Construction—Legislative Intent—Use of Extrinsic Aids in Wisconsin,* Liddle, 1964 Wis. L. Rev. 660.

potential liability for injuries suffered by those whom they had invited upon their lands and sought a statutory limitation of their liability; sec. 29.68, Stats., resulted." *Copeland v. Larson, supra,* at page 344.

Likewise, the legislative intent was described by the introductory language of ch. 89, Laws of 1963, which specifically enumerated those landowners intended to be included within the ambit of the statute.

"An Act to create 29.68 of the statutes, relating to the limitations on liability of landowners who open *private* lands for recreational purposes." (Emphasis supplied.)

Thus, the legislative intent of the statute is obvious and we hold that sec. 29.68, Stats., is not applicable to a municipality so as to limit its liability for persons injured while present on its property. The statute must be strictly construed so as to limit its effect to private landowners.

The defendant's counsel contends that sec. 29.68, Stats., was passed after our decision in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618 which abolished substantive governmental immunity in Wisconsin. Since, he continues, the thrust of the decision was to categorize municipalities as private persons in regard to its liability for tortious actions, and since the legislature is presumed to have acted with knowledge of our decisions, it must have been the intent of the legislature to include municipalities within the statutory meaning of "owner." We find no merit in this contention.

As was previously stated, the purpose of sec. 29.68, Stats., was to encourage private landowners to open their property to the public for their recreational use. Since municipalities had previously and do presently encourage its citizenry to make use of its property, such an action on the part of the legislature to encourage municipalities to allow use of its property would be purposeless.

The defendant contends sec. 29.68, Stats., has been applied to a public owner of lands. Reference is made to *Garfield v. United States* (D. C. Wis. 1969), 297 Fed. Supp. 891. The issue before the court in *Garfield* was whether small game hunting permits purchased for 50 cents constituted "valuable consideration" within the terms of the statute. The court concluded that such a payment did constitute "valuable consideration" and that the government's motion for summary judgment which relied upon the limited liability under sec. 29.68 be dismissed. However, as to those plaintiffs who had not purchased such permits and as such had not given valuable consideration, the court ruled that "the government would be protected by sec. 29.68 against liability for physical injuries to her directly caused by its negligence." *Garfield v. United States, supra,* at page 889.

A careful study of *Garfield,* however, indicates that the issue of whether the government is an "owner" within the statute was never raised. Rather, the court presumed that sec. 29.68, Stats., is applicable to governmental bodies. In any event, this court is not required to rule in any fashion consistent to said court's construction of Wisconsin law.

The defendant city further contends that sec. 29.68, Stats., as applied by the trial court is unconstitutional in that it constitutes a special law contrary to the requirement of art. IV, sec. 32 of the Wisconsin Constitution which requires:

"The legislature shall provide general laws for the transaction of any business that may be prohibited by section thirty-one of this article, and all such laws shall be uniform in their operation throughout the state."

Such a contention is, however, without merit. Assuming *arguendo* that sec. 29.68, Stats., is a special law, the prohibition of art. IV, sec. 32 is limited to those areas

proscribed by art. IV, sec. 31. Art. IV, sec. 31 contains no proscription of legislative action as to the limitation of liability of landowners.

Likewise, defendant's contention that sec. 29.68, Stats., is violative of the equal protection clause is frivolous. There is no basis upon which to argue—in light of the legislative intent to open up private property for recreational purposes—that the legislative classification in limiting the applicability of sec. 29.68 to private landowners is arbitrary or unreasonable.

The parties to this action go to great lengths to determine whether plaintiff was a licensee or an invitee. For the purposes of this appeal, however, such an approach is not necessary. This court has stated that:

"Upon demurrer, a court is required to give liberal construction to the allegations of the complaint, and the demurrer for failure to state a cause of action must be overruled when the complaint expressly or by inference states a cause of action." *Theune v. Sheboygan* (1973), 57 Wis. 2d 417, 420, 204 N. W. 2d 470; Sec. 263.27, Stats.

A review of the complaint in the instant case establishes that it states a cause of action for negligent injury to a licensee. The plaintiff alleged that he was privileged to enter upon the property, that there existed a dangerous condition upon the property, that the defendant had actual knowledge thereof, and that his injury was caused by said dangerous condition. Such is sufficient to state a cause of action. It is not necessary for us to determine whether the plaintiff is in fact an invitee to whom a higher duty of care is owed.

*By the Court.*—Order affirmed.