CORDS, and others, Respondents, v. ANDERSON, Appellant. [Case No. 75–140.]

CORDS, and others, Plaintiffs-Respondents: HENRY, and another, Plaintiffs-Appellants, v. ANDERSON, Defendants- Respondent. [Case No. 75–141.]

*Nos. 75–140, 75–141.—Decided February 7, 1978.*
(Also reported in 262 N.W.2d 141.)

For the appellant there was a brief by *Bronson C. La Follette,* attorney general, and *Theodore L. Priebe,* assistant attorney general.

There was a brief by *Wickhem, Consigny, Andrews, Hemming & Barton S. C.,* all of Janesville.

The following opinion was filed on February 7, 1978.

PER CURIAM *(on motion for rehearing).* The motion for rehearing is denied. Because, however, the brief of the Attorney General refers to the provisions of sec. 29.68(1), Stats., we comment briefly on that statute only in respect to its applicability to the facts of this case.

The statute, originally adopted in 1963 purports to except certain landowners from liability to persons using

premises for recreational purposes. It specifically recites that an owner of land covered by the statute:

". . . owes no duty to keep the premises safe for entry or use by others for hunting, fishing, trapping, camping, hiking, snowmobiling, berry picking, water sports, sightseeing or recreational purposes, or to give warning of any unsafe condition . . . ."

As this court pointed out in *Goodson v. Racine*, 61 Wis.2d 554, 213 N.W.2d 16 (1973), the statute as it then existed did not include public owners of land within the protected class; and we specifically so held, stating, "The statute must be strictly construed so as to limit its effect to *private* landowners." (Emphasis supplied.) (at 559)

In *Cords v. Ehly*, 62 Wis.2d 31, 214 N.W.2d 432 (1974), we considered the demurrer of the defendants in the very case before the court. We reiterated the holding of *Goodson, supra*, stating that, "sec. 29.68, Stats., is completely inapplicable here and does not bar the plaintiffs' action." (at 35)

This holding is the law of the present case of *Cords v. Anderson*, in that no special immunity was afforded to the state as a landowner, or to an employee of the state, at the time the injuries were sustained in Parfrey's Glen in 1970.

The statute was amended by the Laws of 1975, ch. 179. This amendment redefined "owners" to provide:

"29.68(5) (b) 'Owner' means any private citizen, a municipality as defined under s. 144.01(12), the state, or the U. S. government, and for purposes of liability under s. 270.58, any employe of the foregoing."

Accordingly, were an injury of the type sustained here to occur after the effective date of the 1975 amendment, consideration would have to be given to the effect of the new definition of "owner," which now includes the

state, and "for purposes of liability under s. 270.58,[1] any employe of the foregoing."

Because this 1975 amendment could not affect the rights of the parties which accrued in 1970, it has no bearing on the disposition of the present case. It is apparent, however, that by this amendment, the legislature has sought to afford protection to the state and state employees which was theretofore absent. While we do not attempt to advise hypothetically in respect to the future scope and operation of the 1975 amendment, it is at least arguable that the liability of the type herein imposed would be barred by the operation of the amended statute in respect to injuries on public lands subsequent to March 25, 1976, the effective date of ch. 179, Laws of 1975.

The motion for rehearing is denied.

HANLEY and CONNOR T. HANSEN, JJ., would grant rehearing.

CALLOW, J., took no part.

---

[1] Now sec. 895.46, Stats.