Donna SPEARMAN, Plaintiff-Appellant,

v.

William DuPREE, Defendant-Respondent.†

Court of Appeals

No. 83–775. Submitted on briefs October 21, 1983.—
Decided November 22, 1983.
(Also reported in 342 N.W.2d 755.)

For the plaintiff-appellant the cause was submitted on the briefs of *Robert J. Paul* and *Connie E. Deer* and *Legal Action of Wisconsin, Inc.*, of Madison.

No brief was filed on behalf of defendant-respondent.

Brief of amicus curiae was filed by *Bronson C. La Follette*, attorney general, and *Jonathan P. Siner*, assistant attorney general on behalf of Wisconsin Department of Justice.

Brief of amicus curiae was filed by *Karla Dobinski, Shelley J. Gaylord* and *Marjorie H. Schuett* and *Dobinski, Gaylord & Schuett* on behalf of Wisconsin Coalition Against Woman Abuse.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

---

† Petition to review voluntarily withdrawn.

GORDON MYSE, Reserve Judge. This is an appeal from an order denying appellant's petition for an interlocutory injunction under sec. 813.025(2), Stats., which was denied because there was no underlying action to support appellant's petition for an interlocutory injunction. The trial court also stated that petitions for interlocutory injunctions were not of themselves actions. The trial court therefore denied appellant's petition. We affirm the order of the trial court.

The issue presented by this appeal is whether sec. 813.-025(2)(a) and (b), Stats., authorizes an action for a temporary restraining order and an interlocutory injunction in the absence of an underlying claim.

Appellant's petition for a temporary restraining order and interlocutory injunction alleged that she lived in a "spousal relationship" as defined by sec. 46.95(1)(c), Stats., with defendant from October 1981 to October 1982. The petition also alleged that defendant had beaten appellant and had made repeated threats on her life. It stated that defendant left notes at appellant's house and on her car, and attempted to have contact with appellant "nearly every day." Appellant has, as a result, spent some time in the women's shelter in Rockford, Illinois, and has made several complaints to the police department. Appellant fears for her life, and therefore sought the temporary restraining order and interlocutory injunction at issue on this appeal.

Appellant contends that sec. 813.025(2), Stats., was intended to create an independent action for a domestic abuse injunction. She argues that no action, other than the petition for the interlocutory injunction, is necessary to support the issuance of the injunction. She concedes that the statute's term "interlocutory" is "confusing" but "not fatal" to an interpretation which deems a petition for an interlocutory injunction to be an action. The term interlocutory suggested to the trial court that "the stat-

ute provides only a measure of relief for use in connection with another action."

Section 813.025 (2), Stats., authorizes an independent action, but this is not dispositive of the appeal. Section 813.025 (2) provides as follows:

(2) (a) A judge may issue a temporary restraining order requiring a person to avoid premises occupied by someone with whom the person is living or has lived in a spousal relationship, as defined in s. 46.95 (1) (c), or not to contact that person or both. Such an order may only be issued if the judge has reasonable grounds to believe that a violation of s. 940.19 has occurred or, based on the prior conduct of the parties, may occur. The order may only be issued to the person whom the judge believes has violated or may violate s. 940.19. A petition for the order may be filed by the alleged or potential victim of the violation of s. 940.10. Violation of an order issued under this subsection is punishable under s. 940.33.

(b) Notice need not be given to the defendants prior to the issuance of a temporary restraining order under this subsection. The court may grant the temporary restraining order at any time before the hearing and determination of the application for an interlocutory injunction. The temporary restraining order shall be effective only for 5 days unless extended after notice and hearing thereon, or upon written consent of the parties or their attorneys. The temporary restraining order shall not remain in force beyond the time of the determination of the application for an interlocutory injunction. The order or injunction under this subsection may be issued only by a judge and not by a court commissioner. An injunction under this subsection shall not be effective for more than 2 years.

Subsection (2) (a) creates a right for a person living with someone in a spousal relationship to obtain a temporary restraining order upon showing that there is a reasonable ground to believe that a violation of sec. 940.19, Stats., has occurred or may occur. The statute provides that a temporary restraining order may be requested by

petition and that a violation of the order is punishable under sec. 940.33.

Subsection 813.025 (2) (b), Stats., provides that the temporary restraining order may be issued *ex parte* and that the court may grant the temporary restraining order at any time before the determination of the application for an interlocutory injunction. The statute sets time limits for the temporary restraining order and for the "injunction."

The legislature has created a right to temporary relief outside of ch. 767, Stats. This right is extended to persons who would have no recourse under ch. 767, and grants to such persons relief which was likely unavailable under common law. *Cf. State v. H. Samuels Co.,* 60 Wis. 2d 631, 636, 211 N.W.2d 417, 419 (1973) ; *State ex rel. Fairchild v. Wisconsin Auto. Trades Asso.,* 254 Wis. 398, 402, 37 N.W.2d 98, 100 (1949) (court will not enjoin violation or threatened violation of criminal statute).

The legislature in enacting sec. 813.025 (2), Stats., intended to create a means to protect against abuse of those living in a spousal relationship. Such enactment was part of a comprehensive package of legislation designed to address an increasingly difficult problem found in our society. There can be little question, if one resorts to legislative intent, that the legislature intended to create certain rights designed to address this problem and to provide relief to those who were in need of such protection. In doing so the legislature brought within the scope of this protection a group of people who were heretofore unprotected by the state of our law. In addition they created a vehicle to immediately provide such protection so as to avoid the problem of delay and to create criminal sanctions should the order issued by the court be violated.

This appeal, however, is not concerned with whether a right to a domestic abuse injunction exists, but with how it is to be pursued. The question is whether the legisla-

ture created a unique action providing for the issuance of a temporary restraining order followed by a hearing and the granting of an injunction to last no more than two years or whether it created a vehicle to obtain the necessary protection within the traditional legal framework. The issue is simply whether the application for a temporary restraining order and "interlocutory injunction" need be accompanied by a request for a "permanent" injunction or whether the petition may stand by itself with no underlying relief being requested.

Resolution of this question is suggested by the language of the statute, but such language is susceptible to more than one interpretation and is therefore ambiguous.

[W]here the legislature's intention as to the meaning of a word is uncertain, the answer to the question of legislative intent may be found in considering the problems that the legislature addressed in the statute and the ends the legislature sought to achieve.

*Ynocencio v. Fesko,* 114 Wis. 2d 391, 398, 338 N.W.2d 461, 464 (1983). A resort to consideration of legislative intent however, as urged by appellant, does not resolve any of the statute's uncertainty. For the reasons stated below, we believe sec. 813.025(2), Stats., requires an underlying claim before an interlocutory injunction may be granted. The interpretation of a statute is a question of law. *Central Nat. Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). On review the trial court's interpretation is not entitled to special deference. *First National Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

Section 813.025(2)(b), Stats., refers to an "interlocutory injunction." The term interlocutory implies the necessity of an underlying claim for relief. *Black's Law Dictionary* defines interlocutory injunction as interim relief:

Interlocutory . . . . Provisional; interim; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy.

*Black's Law Dictionary* 731 (rev. 5th ed. 1979).

Injunction . . . .

*Interlocutory injunction.* Interlocutory injunctions are those issued at any time during the pendency of the litigation for the short-term purpose of preventing irreparable injury to the petitioner prior to the time that the court will be in a position to either grant or deny permanent relief on the merits. In accordance with their purpose, interlocutory injunctions are limited in duration to some specified length of time, or at the very outside, to the time of conclusion of the case on the merits.

*Id.* at 705. The interlocutory injunction in sec. 813.025 (2) therefore requires an underlying claim. Section 813.025 (2) (b) limits an injunction to two years; the modified interlocutory is not used. Such language contemplates an interlocutory injunction and, if appropriate, an injunction limited to two years. Thus the statute establishes a three-step procedure whereby a temporary restraining order may be issued *ex parte* on a proper showing; a hearing held upon the application for an interlocutory injunction; and then a hearing, if necessary, on the request for an injunction limited to two years. The statute thus creates a vehicle to provide immediate protection based upon a petition for an order and a complaint for injunctive relief and which would give the needed protection to a person believed to be in danger. It also provides a full and complete hearing for one who is facing an order which may restrict both liberty and the right of association. This three-step process is consistent with the statutory language which refers to a "temporary restraining order," an "interlocutory injunction," and an "injunction."

This conclusion is also compelled by the lack of reference to a complaint in sec. 813.025 (2), Stats. Section 813.025 (2) does not authorize an action only upon petition. Comencement of an action also requires the filing of a complaint:

A civil action in which a personal judgment is sought is commenced as to any defendant on a summons and complaint naming the person as defendant are filed with the court . . .

Sec. 801.02 (1), Stats. *See Schlumpf v. Yellick,* 94 Wis. 2d 504, 507, 288 N.W.2d 834, 836 (1980). A reading of sec. 813.025 (2) which would permit the action to proceed merely on the basis of a petition represents a significant departure from the traditional necessity of the filing of a complaint. In the absence of clear legislative direction we decline to permit an action for injunction under sec. 813.025 (2) upon petition without an accompanying complaint.

A third reason which addresses practical considerations compels this result. Appellant urges an interpretation of the statute which contemplates a temporary restraining order issued *ex parte* to last for a period of five days. Within that five-day period, it would be necessary to hold a hearing and reach a determination as to the request for an interlocutory injunction which would be limited to a period of two years. Appellant's interpretation would require a determination of an individual's right of entry into a dwelling and freedom of association within a very short period of time. A five-day period for final determination presents serious practical problems for congested court calendars and time consuming retention of counsel and preparation for a hearing.

An interpretation, however, which permits an *ex parte* restraining order, and a hearing on an interlocutory injunction to be held within five days of the issuance of the

*ex parte* order, and then a full and complete hearing on the application for an injunction which would be valid for a period of two years, is less burdensome on the parties and the trial court. When a statute is capable of being interpreted in different ways, that interpretation which works an unreasonable result should be avoided. *White Hen Pantry v. Buttke,* 98 Wis. 2d 119, 123–24, 295 N.W.2d 763, 765 (Ct. App. 1980). *See also State v. Yellow Freight System, Inc.,* 101 Wis. 2d 142, 153, 303 N.W. 2d 834, 839 (1981).

Clearly the legislature has created a right to injunctive relief for a person living in a spousal relationship with another who has reasonable grounds to fear for their safety. The different interpretations of sec. 813.025 (2), Stats., urged upon this court are consistent with that legislative intent. The statute indicates, however, in its use of "interlocutory injunction" the necessity of an underlying action. Section 813.025 (2) requires a request for underlying relief in order to obtain an *ex parte* order and interlocutory injunction.[1]

*By the Court.*—Order affirmed.

[1] Plaintiff did not move to amend her pleadings to request a final or two-year injunction. Had she done so, the trial court could have exercised its discretion to allow the amendment. *See Weigel v. Sentry Indemnity Co.,* 94 Wis. 2d 172, 184, 287 N.W.2d 796, 802 (1980) (trial court has wide discretion regarding amendment of pleadings); *Wussow v. Commercial Mechanisms, Inc.,* 97 Wis. 2d 136, 144–45, 293 N.W.2d 897, 901–02 (1980) (plaintiff may amend pleadings to modify remedy sought). Persons who have obtained interlocutory injunctions under sec. 813.025(2), Stats., may similarly move to amend their pleadings to request final relief. Sec. 802.09(1), Stats. However, no person may be made subject to an injunction under sec. 813.025(2) who has not had a full and complete hearing on the merits of the complaint either before entry of the interlocutory injunction or before entry of the final injunction.