Robert E. STRONG, and Health Protection Plan,
a domestic corporation, Plaintiffs-Appellants,

v.

WISCONSIN CHAPTER OF DELTA UPSILON, a non-profit
organization, Delta Upsilon of Wisconsin, Inc., a
domestic non-profit corporation and St. Paul Fire
and Marine Insurance Company, a domestic corpora-
tion, Defendants-Respondents.†

Court of Appeals

No. 83–2418. Submitted on briefs January 24, 1985.—
Decided May 23, 1985.
(Also reported in 370 N.W.2d 285.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Michael F. Hupy* and *Hausmann, McNally & Hupy, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Ward I. Richter* and *Bell, Metzner & Gierhart, S.C.* of Madison.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

RANDA, Reserve Judge. Robert Strong appeals the summary judgment dismissing his complaint against Wisconsin Chapter of Delta Upsilon, Delta Upsilon of Wisconsin, Inc. and St. Paul Fire & Marine Insurance Company (collectively the fraternity). The circuit court concluded that sec. 29.68(1), Stats. 1981–82,[1] barred Strong's claims of negligence and violation of the safe place statute, sec. 101.11(1), Stats. The issues are whether diving off a pier is a water sport as that term is used in sec. 29.68(1) and whether that section protects the fraternity from liability under the safe place statute. We conclude that diving off a pier is a water sport and that sec. 29.68(1) bars Strong's claim under the safe place statute. We therefore affirm.

The material facts are undisputed. July 12, 1980 Strong was allowed to use a pier on Lake Mendota owned by Delta Upsilon Fraternity. A member of the fraternity was present but did not warn Strong that the water was shallow along the sides of the pier. No warning signs were posted. Strong dove off the side of the pier, struck the lake bottom and injured his neck.

Section 29.68(1), Stats., provides in part:

An owner, lessee or occupant of premises owes no duty to keep the premises safe for entry or use by others for hunting, fishing, trapping, camping, hiking, snowmo-

[1] All references to sec. 29.68(1) are to Stats. 1981–82.

biling, berry picking, water sports, sight-seeing, cutting or removing wood, climbing of observational towers or recreational purposes, or to give warning of any unsafe condition or use of or structure or activity on the premises to persons entering for such purpose . . . .

Interpretation of this statute is a question of law which we review de novo. *Spearman v. DuPree,* 116 Wis. 2d 664, 668, 342 N.W.2d 755, 757 (Ct. App. 1983).

Strong argues that pier diving is not a water sport under sec. 29.68(1), Stats. Relying on *Quesenberry v. Milwaukee County,* 106 Wis. 2d 685, 317 N.W.2d 468 (1982), Strong contends the term "water sports" should be construed not to include diving off a pier. We reject Strong's argument.

The *Quesenberry* court held that golfing was not an activity included within the term "recreational purposes" in sec. 29.68(1), Stats. The court explained that reading recreational purposes broadly to include activities not specifically listed in sec. 29.68(1) rendered superfluous the list of activities preceding that term. 106 Wis. 2d at 692–93, 317 N.W.2d at 472. The court therefore resorted to statutory construction and applied the rule of *ejusdem generis* which it defined: "where a general word follows an enumeration of more specific words, the general word is limited to objects of the same nature as the specific words preceding it." *Id.* at 693, 317 N.W.2d at 472. The court concluded that recreational purposes "should be limited to activities similar to the preceding enumerated words." *Id.*

*Quesenberry* is not in point. *Ejusdem generis* is not applicable to construe a specific word or term. *Berg v. State,* 63 Wis. 2d 228, 239, 216 N.W.2d 521, 526 (1974). Water sports is a specific term. It covers a definable group of activities in contrast to the term recreational activities. Giving effect to the plain meaning of water

sports, we conclude that the term includes diving off a pier.

Strong next argues that even if sec. 29.68(1), Stats., bars his common law negligence claim, summary judgment should not have been granted on his claim under the safe place statute, sec. 101.11(1), Stats. We disagree.

Section 29.68(1), Stats., is directed to a specific subject. It protects persons who allow their land to be used for certain recreational purposes. The land may not be a place of employment as defined in sec. 101.01(2)(f), Stats. The duty to frequenters under the safe place statute applies only to places of employment. Legislation directed toward a specific subject is generally given precedence over a more general act. *State v. Neitzel,* 95 Wis. 2d 191, 200, 289 N.W.2d 828, 833 (1980). *Schlosser v. Allis-Chalmers Corp.,* 65 Wis. 2d 153, 161, 222 N.W.2d 156, 160 (1974). Consequently, a person protected by sec. 29.68(1) cannot be held liable for a safe place violation.

Accordingly, the circuit court did not err in granting summary judgment dismissing Strong's complaint.

*By the Court.*—Judgment affirmed.