John E. JOYCE, Plaintiff-Appellant,

v.

COUNTY OF DUNN, a Wisconsin municipal corporation, Defendant-Respondent. [Case No. 94–2785.]

Stephen P. HARMON, Plaintiff-Appellant,

v.

COUNTY OF CHIPPEWA, Defendant-Respondent. [Case No. 94–2960.]

Court of Appeals

*Nos. 94–2785, 94–2960. Submitted on briefs March 6, 1995.—Decided March 21, 1995.*

(Also reported in 531 N.W.2d 628.)

700

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *John E. Joyce*.

On behalf of defendant-respondent, the cause was submitted on the brief of *David A. Piehler* and *Jeffrey Jay Strande* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   John Joyce appeals a judgment dismissing his complaint seeking an injunction and a declaration that a contract between Dunn County and Motorola Communications was null and void because it was not let to the lowest responsible bidder.[1] The contract is for installation of an integrated radio dispatch system, enhanced 911 emergency telephone system and related equipment. Joyce challenges the circuit court's ruling that the complaint failed to state a claim because the County's purchase of equipment is not "public work" within the meaning of § 59.08, STATS.[2] He also alleges that the court failed to give his complaint a

---

[1] These matters were consolidated on our own motion by order dated March 14, 1995. RULE 809.10(3), STATS.

[2] Section 59.08, STATS., provides:

Public work, how done; public emergencies. (1)   All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed $20,000 shall be let by contract to the lowest responsible bidder. Any public work, the estimated cost of which does not exceed $20,000, shall be let as the board may direct. If the estimated cost of any public work is between $5,000 and $20,000, the board shall give a class 1 notice under ch. 985 before it contracts for the work or shall contract with a person qualified as a bidder under s. 66.29 (2). A contract, the estimated cost of which exceeds $20,000, shall be let and entered into under s. 66.29, except that the board may by a three-fourths vote of all the members entitled to a seat provide that any class of public work or any part thereof may be done directly by the county without submitting the same for bids. This section does not apply to highway contracts which the

702

liberal construction, which would construe "installation" of the equipment to constitute a public work. We reject his arguments and affirm the Dunn County judgment.

Stephen Harmon appeals a similar judgment dismissing his complaint seeking similar relief against Chippewa County, which purchased similar equipment under similar circumstances from Motorola. Harmon makes additional arguments. He contends because this equipment is used for public benefit with public access, it is a "public work" and therefore different from equipment purchased for and used only by public employees. He also maintains that this equipment constitutes a fixture and as such is an improvement to a public building. We reject his arguments and also affirm the Chippewa County judgment.

The gist of Joyce's lawsuit is that Dunn County approved the described bid from Motorola for some $200,000 more than that of a competitor, in violation of the § 59.08, STATS., mandate that public work projects estimated to cost more than $20,000 "shall be let by contract to the lowest responsible bidder." He also maintains that his pleading should be liberally construed to include an allegation that the equipment is an improvement to a building. The legislative history of this law, and several opinions of the Wisconsin attorney general interpreting it, lead us to the conclusion that the purchase of equipment is outside the scope of § 59.08(1), STATS. We also conclude that Joyce's complaint does not allege an improvement to a building.

Harmon is a representative of a bidder competitive to Motorola in the Chippewa County transaction. He alleges that Chippewa County selected Motorola

county highway committee or the county highway commissioner is authorized by law to let or make.

703

despite the fact that it was the highest bidder among several, and that the county board ignored the requirements to let the contract to the lowest responsible bidder.

A complaint should be dismissed for failing to state a claim under § 802.06(2), STATS., only if it is "quite clear" that under no conditions can the plaintiff prevail. *Quesenberry v. Milwaukee County*, 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982). The facts alleged must be taken as true. *Id.*

Former § 59.07(4)(c), STATS., 1945, was the original legislation relating to powers of a county board to let public work contracts to the lowest responsible bidder, created by ch. 456, Laws of 1945.[3] That statute referred to public work, "of the kinds mentioned in section 66.29(1)(c)...." Section 66.29(1)(c), STATS., then and now states the "kind of public work" embodied: "The term 'public contract' shall mean and include any contract for the construction, execution, repair, remodeling, improvement of any public work, building, furnishing of supplies, material of any kind whatsoever, proposals for which are required to be advertised for by law." Section 59.07(4)(c) was soon the subject of two opinions of the Wisconsin attorney general, the first advising the Brown County district attorney that the statute did not apply to the County's purchase of

[3] Section 59.07(4)(c), STATS., 1945, provided:

All public work, of the kinds mentioned in section 66.29(1)(c), where the estimated cost of such work will exceed $1,000 shall be let by contract to the lowest responsible bidder, such contract shall be let, made and entered into pursuant to and in accordance with section 66.29. This paragraph shall not apply to highway contracts which the county highway committee is authorized by law to let or make.

FM radio equipment used to communicate with highway emergency and maintenance vehicles. 35 Op. Att'y Gen. 88 (1946). A second opinion, given to the Manitowoc County district attorney, examined in detail the legislative history of § 59.07, and the intent and meaning of the phrase "of the kinds mentioned in section 66.29 (1)(c) . . . ." 36 Op. Att'y Gen. 229 (1947).

This second opinion observed that it was reasonable to suppose that § 59.07(4)(c), STATS., was enacted in response to a supreme court decision, *Cullen v. Rock County*, 244 Wis. 237, 12 N.W.2d 38 (1943). *Cullen* held that absent a statutory requirement, a county board has no duty to take bids for the building of county buildings, and that there was no such statute extant. *Id.* at 240, 12 N.W.2d at 39. The attorney general concluded that the statutory reference to the *kinds* of public works described in § 66.29(1)(c), STATS., was meant to describe the types of activities that fall within the public work.

Appellate courts in Wisconsin are not bound by the opinions of the attorney general. *State ex rel. Wisconsin Senate v. Thompson*, 144 Wis. 2d 429, 460, 424 N.W.2d 385, 397 (1988). However, the opinions are entitled to such persuasive effect as the court deems they warrant. *Rolo v. Goers*, 174 Wis. 2d 709, 720, 497 N.W.2d 724, 728 (1993). We conclude as did the attorney general the first time that office examined the original statute that the purchase of radio equipment

> could not in any event be classified as a contract for the construction, execution, repair, remodeling or improvement of any public work or building.
> It likewise could not in our opinion be classified as a contract for the furnishing of supplies or materials. . . . The word "supplies" is ordinarily considered

to mean something that is used or consumed or which is capable of such use. The word "materials" is usually understood to mean something that enters into or forms part of a finished structure or which is capable of such use. There are, of course, numerous cases involving the question of whether a particular commodity or article is included within the words "supplies" or "materials" or both. So far as we can determine none has gone so far as to hold that an FM radio or anything comparable to it is included within either. Such authority as there is, most nearly in point, supports the view that an FM radio would not ordinarily be considered as falling within the designation "supplies" or "materials."

35 Op. Att'y Gen. 90-91 (1946) (citations omitted).

Later attorney general opinions have applied this discussion to exclude "equipment" from the bidding statute, including farm machinery, 47 Op. Att'y Gen. 69 (1958), and a diesel engine, 66 Op. Att'y Gen. 198 (1977).

Joyce notes that when the legislature replaced § 59.07, STATS., with § 59.08, STATS., it removed the quoted phrase "of the kinds mentioned in section 66.29(1)(c) . . . ." In response, Dunn County points out that when the legislature removed the reference to § 66.29(1)(c), STATS., it merely substituted the exact text of § 66.29 to which the former phrase referred. Joyce's rejoinder suggests that if this substitution of the text for the reference to the statutory section from which the text is derived was not meant to change the meaning of the statute, then the current words "All public work, including" are superfluous. *See* note 1.

It is a maxim of statutory construction that a law should be so construed that no word or clause shall be rendered surplusage. *Mulvaney v. Tri State Truck &*

*Auto Body*, 70 Wis. 2d 760, 764, 235 N.W.2d 460, 463 (1975). We do not consider the words to be superfluous. Rather, the words are merely meant to indicate some of the public works that are included. Such a construction, of course, could lead to the conclusion that equipment is a public work not included within the statutory recitation. There is a strong reason to believe, however, that equipment is not meant to be included. In addition to the attorney general's opinions, the County refers us to the comment accompanying 1983 Wis. Act 532, amending § 60.47, STATS.:

> Based on s. 60.29[ ] . . . .
>
> . . . The term "public contract", as it appears in existing statutory competitive bidding provisions, has been interpreted by the attorney general not to include contracts for the purchase of equipment. [See, for example, 66 OAG 198 (1977) and 66 OAG 284 (1977).] . . . The special committee was aware of this interpretation but chose not to amend the definition of "public contract" to include equipment; the committee concluded that it is important for towns, which often purchase used equipment, to have flexibility in the purchase of equipment.

Legislative Committee Comment—1983 WIS. STAT. ANN. § 60.47 (West 1988).

While these remarks relating to an amendment to town government's authority regarding competitive bidding are not directly on point, they demonstrate that the legislature is more than just constructively aware of the relevant attorney general's opinions, yet did not change the scope of § 59.08, STATS., when amending the statute in other respects. *See, e.g.,* 1983 Wis. Act 538, § 79, effective June 8, 1984.

■

Harmon urges us to reject the "absurdity" of a construction of a law that permits the County to purchase hundreds of thousands of dollars of equipment without competitive bids while at the same time relatively minor purchases of supplies require a bidding process. The wisdom of a legislative act is not subject to judicial scrutiny. *EEOC v. Janesville*, 630 F.2d 1254, 1259 (7th Cir. 1980). The statute does not compel the County to let a contract for the purchase of equipment to the lowest responsible bidder.

■

Joyce raises another issue, claiming that his complaint alleges a contract for more than the purchase of equipment. Joyce points to the allegation that the contract includes installation of the equipment. We think the requirements for installation of the equipment do not alter the outcome of this case.[4] If Joyce is contending, as does Harmon, that installation constitutes an "improvement of any . . . building," we disagree.

■

Harmon points to the fact that although the equipment is free-standing, it is to be bolted to adjacent modules or enclosures and "wired" for electronic and computer connections.

---

[4] Joyce also refers in his argument to Dunn County's "REQUEST FOR PROPOSAL," and includes excerpts from this document in the appendix to his appellate brief that include a statement that the bidder must include "an example of floor plan . . . based on the room dimensions provided to responding parties by Dunn County." Without addressing the County's allegation that this reference is outside the pleadings, we fail to see how the inclusion of a required floor plan brings the contract within the scope of the statute.

708

> [W]hether articles of personal property are fixture, i.e., real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold.

*Premonstratensian Fathers v. Badger Mut. Ins. Co.*, 46 Wis. 2d 362, 367, 175 N.W.2d 237, 239-40 (1970). A liberal construction of the complaints does not infer that the property is annexed, adapted to or intended as a permanent accession to the real estate.

■

Joyce's final argument asserts that even if the public work statute is inapplicable, the county board erroneously exercised its discretion by accepting the Motorola bid. The county board of supervisors as a legislative body directly responsible to the electorate has broad powers. *Kenosha County Court House Local 990 v. Kenosha County*, 30 Wis. 2d 279, 283, 140 N.W.2d 277, 279 (1966). Thus, courts will not question the county board's exercise of discretion except for an abuse equivalent to fraud. *Mueller v. Eau Claire County*, 108 Wis. 304, 309, 84 N.W. 430, 431 (1900). Thus, just as the wisdom and propriety of legislation is determined by the legislative branch and not the judiciary, *State v. Dried Milk Products Co-op.*, 16 Wis. 2d 357, 363, 114 N.W.2d 412, 415 (1962), so it is here as to discretion exercised within the grant of legislative authority.

*By the Court.*—Judgments affirmed.