# IN THE COURT OF APPEALS OF IOWA

No. 22-1099
Filed January 24, 2024

**DOMINICK RONALD MARCOTT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

An applicant appeals the denial of his request for postconviction relief. **AFFIRMED.**

Alexander Smith of Parrish Kruidenier Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson (until withdrawal) and Joshua A. Duden, Assistant Attorneys General, for appellee State.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**TABOR, Presiding Judge.**

The State charged Dominick Marcott with second-degree theft after police found him behind the wheel of a stolen 1993 Buick Century. He pleaded guilty to operating a motor vehicle without the owner's consent. He now seeks postconviction relief (PCR) alleging his plea counsel provided ineffective assistance. Because he failed to prove that counsel breached an essential duty in allowing him to plead guilty to the lesser offense, we affirm the denial of his PCR petition.

## I.     Facts and Prior Proceedings

A woman reported her Buick Century missing from her parking lot on January 18, 2020. Seven weeks later, the police found Marcott in possession of the stolen car at a convenience store. When the police confronted him, he said Eddie Hernandez gave him the car the night before so that he could fix the brakes. That story evolved. Marcott later told the police that he received the car a month earlier. Then two weeks after his arrest, Marcott's fiancée filed this "bill of sale" in his criminal case.

To Whom it May Concern:
Buick Century 4door Grey
VIN#: 1G4AG54NXP16413999

Sold: 1-10-2020     For Amount of
                    $130.00 AS iS
TO: _____
    Dominick Marcott

From: _____
      Eddie Hernadez

Phone Number: 515-293-5087

Address: 2919 John Street
         Melmore Trailor Park
         Council Bluffs, Iowa
              51501

EXHIBIT 1

Marcott's attorney, Nancy Pietz, testified that she was aware of the handwritten document and, at Marcott's request, tried to track down his boss who allegedly witnessed the sale. But counsel was unable to reach him.

She then helped negotiate a plea deal for Marcott that involved the theft accusation and various other charges.[1] As part of the deal, the State agreed to reduce the felony theft charge to operating without the owner's consent, an aggravated misdemeanor, in violation of Iowa Code section 714.7 (2020).[2] Pietz recalled going over the elements of the offense with Marcott to ensure that he understood. He did not protest that he legitimately bought the car. In fact, he said he had "talked to the victim and apologized to her and said he felt bad for her." Marcott never told his attorney that he did not want to go forward with the plea.

So Pietz filed the written guilty plea on Marcott's behalf. The district court accepted the plea and ran the two-year sentence consecutive to a five-year term for third-offense possession of methamphetamine and a two-year term for driving while barred. The court suspended the sentences and placed Marcott on probation. His probation was revoked in February 2022 after he left a residential treatment center against clinical advice.

---

[1] In fact, Pietz's notes showed that Marcott "was looking at [ninety] years in prison" if he were convicted of all pending charges. Pietz also recalled that Marcott had a criminal history stretching over ten pages of his presentence investigation report and was "extremely savvy about court and the court process."

[2] "Any person who shall take possession or control of . . . any self-propelled vehicle, . . . , the property of another, without the consent of the owner of such, but without the intent to permanently deprive the owner thereof, shall be guilty of an aggravated misdemeanor." Iowa Code § 714.7.

Marcott did not file a direct appeal. But in June 2021, he applied for PCR as a self-represented litigant.[3] That application alleged: "I paid for the vehicle [and] I believed it was mine. I had a bill of sale." Marcott and his fiancée testified at the PCR hearing in April 2022. Later that month, attorney Pietz participated in a video deposition. The court denied relief in June 2022. Marcott appeals.

## II.     Scope and Standards of Review

As a baseline, we review PCR rulings for correction of errors at law. *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022). But when the applicant claims ineffective assistance of counsel, we review de novo. *Id.*

## III.     Analysis

Marcott alleges attorney Pietz provided ineffective assistance of counsel. We analyze his claims under *Strickland v. Washington.* 466 U.S. 668, 687 (1984). To prevail, Marcott must show a deficiency in counsel's performance and that the deficient performance prejudiced him. *Id.* We measure counsel's performance against the standard of a reasonably competent practitioner. *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). For prejudice, because Marcott pleaded guilty, he must show that but for Pietz's omission he would have insisted on going to trial. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). If Marcott fails to establish either prong, we need not address the other. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). We focus today on performance.

---

[3] PCR counsel entered an appearance for Marcott in August 2021 and asked to extend the time to file an amended application. She was granted until October to do so, but she moved to withdraw in September. New counsel entered an appearance in December 2021. But no amended application appears in our record. Marcott's counsel did file a written closing argument after the PCR hearing that alleged ineffective assistance of plea counsel.

Marcott contends counsel underperformed in two ways: (1) by not advising him of the nature of the charge and (2) by allowing him to enter a guilty plea without a factual basis.[4] We will address each claim in turn.

First, Marcott asserts on appeal that attorney Pietz "never informed him about general intent." He recalled her saying that all the State needed to prove was that he was not the rightful owner of the Buick and drove it without the owner's consent. Marcott now argues that explanation was "obviously incorrect, as general intent was a necessary element" of the offense. He cites *State v. Drummer* for the proposition that if a defendant reasonably believed he had permission from the owner to drive the vehicle, he was not guilty.[5] 117 N.W.2d 505, 509 (Iowa 1962). Marcott then pounces on this exchange during Pietz's deposition:

> Q. And fully informing a client of all of the things that the State needs to prove, including whether or not specific intent or general intent, even if we don't define those terms for the client specifically, that's important. And that's an essential duty for a lawyer to provide to a client as well; correct?
> A. I don't know that that's something that's commonly discussed.

The State insists that the nature of Marcott's offense "was not complicated." Section 714.7 requires proof of general criminal intent, not the specific intent to permanently deprive that is required for theft. *See State v. McCormack*, 293

---

[4] The PCR court read these two arguments as one:
> [Marcott] states that counsel informed him that all that was necessary to prove guilt was that he was driving a vehicle, and that the owner of the vehicle has not given consent for him to do so; and that it did not matter what his intent was concerning the vehicle.
> [His] argument is essentially that trial counsel allowed him to plead guilty to OMVWOC without there being a factual basis for the charge.

[5] Marcott's explanation at the PCR hearing was not that he had the owner's permission to drive the Buick, but that he had purchased the Buick.

N.W.2d 209, 212 (Iowa 1980). General intent exists "when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." *State v. Benson*, 919 N.W.2d 237, 244 (Iowa 2018) (citation omitted). In the State's view, Pietz provided "enough advice for Marcott to voluntarily accept the plea agreement."

After our de novo review, we agree with the State. Marcott did not prove that Pietz breached a material duty when advising him of the nature of the offense. Delving into the legal concepts of general and specific intent was not necessary. As Pietz stressed, Marcott was no stranger to criminal proceedings and was "extremely savvy" about the court system. As she explained in her deposition, she went through the guilty-plea petition line by line with Marcott, and he did not claim that he bought the car. From her perspective, Marcott "underst[ood] operating without owner's consent." *See generally State v. Brown*, 376 N.W.2d 910, 911 (Iowa Ct. App. 1985) ("In guilty plea proceedings, lack of explanation of the elements of an offense is not reversible error if, under the circumstances, it is apparent that the accused understood the nature of the charge.").

Second, Marcott argues that Pietz was remiss in allowing him to plead guilty when the record lacked a factual basis for his offense. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty."). Marcott acknowledges signing a written guilty plea that stated he

"operated a motor vehicle without the consent of the owner of said vehicle." But he claims that admission did not address his criminal intent.

We disagree. By admitting that he drove without the owner's permission, he was conceding criminal intent. If he was the owner, as he now alleges, that admission would make no sense. Marcott is not like Drummer, who had borrowed a co-worker's truck before and thought he had open-ended permission to drive it. 117 N.W.2d at 506−08. Rather, Marcott gave shifting stories of how and when he came to possess the Buick, and after his arrest tendered a handwritten "bill of sale" to excuse his conduct. But as the State notes, that document held "dubious provenance." Adding to its questionable legitimacy, the document misspells Hernandez, the name of the alleged seller, and is dated eight days before the Buick was reported missing by its registered owner. Contrary to Marcott's arguments at the PCR hearing, the bill of sale did not exonerate him.

In deciding whether Pietz performed poorly by allowing Marcott to plead guilty, we may examine the entire record, including the minutes of testimony. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The minutes show the owner's report of a missing Buick about two months before police confronted Marcott in the convenience store parking lot. They also include Marcott's inconsistent stories about how he came to possess it. Because the record reveals an objective factual basis for the offense, Pietz did not breach a material duty. *Id.* (plea-taking court need not have before it "evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge"). We thus affirm the denial of PCR.

**AFFIRMED.**